No. 2022-1447

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

_____

WILFRED D. BEAN,
Claimant-Appellant,

v.

DENIS McDONOUGH,
Secretary of Veterans Affairs,
Respondent-Appellee.

_____

Appeal from the United States Court of Appeals for Veterans Claims
in case no. 19-4116, Judge Coral W. Pietsch
_____

**BRIEF OF RESPONDENT-APPELLEE**

<table>
<tr><td></td><td>BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General</td></tr>
<tr><td></td><td>PATRICIA M. McCARTHY</td></tr>
<tr><td>Of Counsel:</td><td>Director</td></tr>
<tr><td>Y. KEN LEE<br>Deputy Chief Counsel</td><td>WILLIAM J. GRIMALDI<br>Assistant Director</td></tr>
<tr><td>DEREK SCADDEN<br>Attorney<br>Office of General Counsel<br>Department of Veterans Affairs<br>810 Vermont Avenue, NW<br>Washington, DC 20420</td><td>ERIC J. SINGLEY<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division, Department of Justice<br>P.O. Box 480, Ben Franklin Station<br>Washington, DC 20044<br>Telephone: (202) 616-1273</td></tr>
<tr><td>July 13, 2022</td><td>Attorneys for Respondent-Appellee</td></tr>
</table>

# TABLE OF CONTENTS

STATEMENT OF THE ISSUES ........................................................................3

STATEMENT OF THE CASE SETTING OUT RELEVANT FACTS ...............4

    I.      Mr. Bean's Service, Initial Claim, And The 1997 Ratings
         Decision..................................................................................................4

    II.    Mr. Bean's 2006 Claim And PTSD Rating ............................................5

    III.   Mr. Bean's Appeal Of The Board's Earlier Effective Date
         Decision..................................................................................................9

    IV.   The Veterans Court Addresses Mr. Bean's Unadjudicated Claim
         Argument In A Writ Of Mandamus Decision.........................................10

    V.    The April And December 2021 Veterans Court Decisions .....................12

         A. The Withdrawn April 2021 Decision ...............................................12

         B. The December 2021 Decision On Appeal In This Matter.................13

SUMMARY OF THE ARGUMENT ...................................................................13

ARGUMENT.......................................................................................................15

    I.      Jurisdiction And Standard Of Review ....................................................15

    II.    This Court Lacks Jurisdiction To Review The Veterans Court's
         Factual Determinations Regarding Jurisdictional Issues And Its
         Application Of Its Jurisdictional Statutes To The Facts Of Mr.
         Bean's Case ...........................................................................................17

    III.   The Veterans Court Did Not Commit Any Error In Its
         Jurisdictional Analysis .........................................................................18

         A. Applicable Law.................................................................................19

1. CUE Claims......................................................................................19

2. The Board's Jurisdiction ...............................................................21

3. The Veterans Court's Jurisdiction...............................................23

B. The Veterans Court Correctly Determined That It Lacked
Jurisdiction To Consider Mr. Bean's Assertions Regarding
Allegedly Pending Unadjudicated Claims.......................................25

C. Mr. Bean Demonstrates No Error In The Veterans Court's
Decision............................................................................................29

IV. Mr. Bean's Fifth Amendment Due Process Rights Have Not
Been Violated Because He Does Not Have Any Pending
Unadjudicated Claim .............................................................................34

CONCLUSION ....................................................................................................36

# TABLE OF AUTHORITIES

## Cases

*Albun v. Brown*,
9 F.3d 1528 (Fed. Cir. 1993) ........................................................................17

*Andre v. Principi*,
301 F.3d 1354 (Fed. Cir. 2002).............................................................*passim*

*Andrews v. Nicholson*,
421 F.3d 1278 (Fed. Cir. 2005).......................................................20, 27, 31

*Bazalo v. West*,
150 F.3d 1380 (Fed. Cir. 1998).....................................................................17

*Bernard v. Brown*,
4 Vet. App. 384 (1993).........................................................................21, 22

*Bonner v. Nicholson*,
497 F.3d 1323 (Fed. Cir. 2007).....................................................................18

*Breeden v. Principi*,
17 Vet. App. 475 (2004)..................................................................23, 24, 28

*Clemons v. Shinseki*,
23 Vet. App 1 (2009)....................................................................................23

*Cogburn v. Shinseki*,
24 Vet. App. 205 (2010).................................................................................30

*Comer v. Peake*,
552 F.3d 1362 (Fed. Cir. 2009).....................................................................18

*Cromley v. Brown*,
7 Vet. App. 376 (1995)............................................................................22, 31

*Elkins v. Derwinski,*
2 Vet. App. 422 (1992)......................................................................................31

*Fugere v. Derwinski,*
972 F.2d 331 (Fed. Cir. 1992)..........................................................................32

*Godfrey v. Brown,*
7 Vet. App. 398 (1995).................................................................................22, 30

*Heath v. West,*
11 Vet. App. 400 (1998)....................................................................................32

*Helfer v. West,*
174 F.3d 1332 (Fed. Cir. 1999)........................................................................35

*Hillyard v. Shinseki,*
24 Vet. App. 343 (2012)....................................................................................20

*In re Fee Agreement of Smith,*
10 Vet. App. 311 (1997)...............................................................................22, 31

*Ingram v. Nicholson,*
21 Vet. App. 232 (2007)....................................................................................25

*Jarrell v. Nicholson,*
20 Vet. App. 326 (2006).............................................................................*passim*

*Kelly v. Nicholson,*
463 F.3d 1349 (Fed. Cir. 2006)........................................................................16

*King v. Nicholson,*
19 Vet. App. 406 (2006)...............................................................................25, 28

*Ledford v. West,*
136 F.3d 776 (Fed. Cir. 1998)..................................................................17, 24, 28

*Maggitt v. West,*
202 F.3d 1370 (Fed. Cir 2000)......................................................................24, 28

*Mathews v. Eldridge*,
424 U.S. 319 (1976) ...................................................................................35, 36

*Owens v. Brown*,
7 Vet. App. 429 (1995)...................................................................................31

*Saunders v. Brown*,
4 Vet. App. 320 (1993)...................................................................................29

*Travelstead v Derwinski*,
1 Vet. App. 344 (1991)..............................................................................23, 31

*Wagner v. Shinseki*,
733 F.3d 1343 (Fed. Cir. 2013)......................................................................17

## Statutes

38 U.S.C. § 7104..........................................................................................21, 30
38 U.S.C. § 7111.................................................................................................19
38 U.S.C. § 7252.....................................................................................17, 23, 29
38 U.S.C. § 7261.................................................................................................29
38 U.S.C. § 7292.......................................................................................15, 16, 30
38 U.S.C. § 5109A..............................................................................................19

## Regulations

38 C.F.R. 3.105(a) ..........................................................................................9, 19
38 C.F.R. 3.160(c) ............................................................................................. 9
38 C.F.R. § 20.1002(b) ......................................................................................26
38 C.F.R. §§ 20.1400 – 20.1411 ......................................................................19

# STATEMENT OF COUNSEL

Pursuant to Rule 47.5 of this Court's Rules, counsel for respondent-appellee states that he is unaware of any other appeal from this civil action that previously was before this Court or any other appellate court under the same or similar title. Counsel is also unaware of any case pending in this or any other court that may directly affect or be affected by this Court's decision in this appeal.

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

| | | |
|---|---|---|
| WILFRED D. BEAN, | ) | |
| | ) | |
| Claimant-Appellant, | ) | |
| | ) | |
| v. | ) | No. 2022-1447 |
| | ) | |
| DENIS McDONOUGH | ) | |
| Secretary of Veterans Affairs, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

**BRIEF OF RESPONDENT-APPELLEE**

_____

**<u>STATEMENT OF THE ISSUES</u>**

1. Whether this Court lacks jurisdiction to review the factual findings of the
   U.S. Court of Appeals for Veterans Claims (Veterans Court) relating to
   jurisdictional issues or to review the Veterans Court's application of its
   jurisdictional statutes to the facts of a particular case.

2. Whether the Veterans Court committed error when it found that it did not
   have jurisdiction to consider Mr. Bean's contention that the Board of
   Veterans' Appeals (board) erred when it failed to address whether he had
   pending unadjudicated claims for service connection for major depressive
   disorder and anxiety.

3. Whether Mr. Bean's Fifth Amendment Due Process rights have been violated by the Department of Veterans Affairs (VA) alleged failure to adjudicate his pending unadjudicated claims.

**STATEMENT OF THE CASE SETTING OUT RELEVANT FACTS**

Claimant-appellant Wilfred D. Bean appeals the decision of the Veterans Court in *Wilfred D. Bean v. Denis McDonough*, No. 19-4116 (Vet. App. Dec. 30, 2021), which dismissed Mr. Bean's appeal of the board's May 10, 2019, decision denying him entitlement to an effective date earlier than August 14, 2006, for the award of service connection for post-traumatic stress disorder (PTSD). Appx1-9.[1] The Veterans Court determined that it lacked jurisdiction over the matter raised by Mr. Bean – that he had pending unadjudicated claims for major depressive disorder and anxiety. Appx7.

**I.      Mr. Bean's Service, Initial Claim, And The 1997 Ratings Decision**

Mr. Bean served in the U.S. Army from November 1966 to November 1969, including service in Vietnam. Appx2, Appx20.

In February 1997, Mr. Bean submitted a claim for disability compensation that specifically listed, among other conditions, PTSD. Appx2. As part of the development of the claim, he underwent a VA examination where he was

---

[1] "Appx__" refers to pages of the joint appendix filed in this case.

diagnosed with major depressive disorder and generalized anxiety disorder, but not PTSD.  Appx2, Appx20, Appx745-748.  A regional office (RO) denied Mr. Bean's claim for PTSD in a July 1997 rating decision.  Appx2, Appx20, Appx741-743. Although the rating decision noted that Mr. Bean was diagnosed with major depressive disorder and generalized anxiety, it did not otherwise address those conditions.  Appx2, Appx2, Appx741-743.  Mr. Bean did not appeal this decision. Appx2.

## II.    **Mr. Bean's 2006 Claim And PTSD Rating**

On August 14, 2006, Mr. Bean filed an informal claim for an acquired psychiatric disorder, to include major depressive disorder, generalized anxiety disorder, and PTSD.  Appx2, Appx658.  VA thereafter provided him a notice letter that discussed the elements necessary to substantiate his claims for major depression and generalized anxiety disorder and also the petition to reopen his claim for PTSD.  Appx2.  Mr. Bean underwent another VA examination in July 2007, where he was diagnosed with PTSD and major depressive disorder.  Appx2-3, Appx563.  Then, in an October 2007 rating decision, the RO granted Mr. Bean entitlement to service connection for PTSD and assigned a 30 percent disability rating effective August 2006.  Appx3, Appx20, Appx512-515.  In its review of the evidence, the rating decision discussed symptoms that Mr. Bean was experiencing, including depression, anxiety, and nervousness.  Appx3, Appx2, Appx512-515.

In December 2007, Mr. Bean filed a notice of disagreement (NOD) with the October 2007 rating decision, wherein he expressed disagreement with both the disability rating and effective date assigned. Appx3, Appx502. That same month he also submitted a statement asserting that his 1997 PTSD claim constituted a claim for major depressive disorder and generalized anxiety disorder. Appx3, Appx487-488. In response, the VA issued a statement of the case (SOC) in June 2008 that confirmed the 30 percent rating and denied an earlier effective date for Mr. Bean's service-connected PTSD. Appx3, Appx461-483. Noting that the medical evidence reflected both major depressive disorder and PTSD, the SOC explained "[a]s these are all neurosis, they would be evaluated under the predominant disability." Appx482. In addition, the SOC explained:

> A review of your claims folder indicates you specifically claimed service connection for [PTSD]. There was no indication that you were claiming service connection for any other disability. In addition, you (sic) examination report did not relate your major depressive disorder or generalized anxiety disorder to any psychiatric disorder in service. . . . There is no evidence of a claim for a psychiatric disorder which was not adjudicated.

Appx482.

Mr. Bean perfected his appeal with an August 2008 Form 9, in which he continued his arguments that his 1997 PTSD claim constituted a claim for additional psychiatric conditions and that he was entitled to a higher rating. Appx3, Appx455-457. VA then issued a supplemental statement of the case

(SSOC) in May 2010 which increased Mr. Bean's rating for PTSD to 70 percent,

effective April 2010.  Appx3, Appx414-416.  In discussing the relevant evidence,

the SSOC noted that Mr. Bean had diagnoses of PTSD with secondary major

depressive disorder and that he had received treatment for depression and anxiety.

Appx414-415.  The SSOC also reiterated that

> there is no evidence of a claim for psychiatric disorder
> which was not adjudicated.  Review of the evidence
> shows you specifically claimed service connection for
> PTSD on your original claim . . . and the examination
> report did not relate your major depressive disorder or
> generalized anxiety disorder to any psychiatric disorder
> in service.

Appx416.  Later that same month, Mr. Bean submitted a form expressing his

disagreement with the effective date of the increased rating.  Appx3, Appx390-

391.  In a November 2010 rating decision, the RO granted Mr. Bean entitlement to

a total disability rating based on individual unemployability (TDIU), effective

April 2010.  Appx3.

The board issued a decision in May 2012 granting Mr. Bean entitlement to a

70 percent rating for his service-connected PTSD effective August 2006.  Appx3-

4, Appx319-339.  In reviewing the available evidence, the board explicitly

considered how Mr. Bean's conditions and symptoms included anxiety and

depression.  Appx326-333.  However, the board found that an earlier effective date

for PTSD was not possible, noting that the 1997 rating decision denying service

7

connection for PTSD was final.  Appx3-4.  The board also acknowledged Mr. Bean's argument that his 1997 claim for PTSD should have been considered as a claim for any psychiatric condition.  Appx4, Appx335.  But the board determined that the issue was not before it, stating that such arguments were not grounds for an earlier effective date for PTSD and that if Mr. Bean believed there was an error in the 1997 rating decision, he could file a claim asserting clear and unmistakable error (CUE) in that decision.  Appx4, Appx335.  Mr. Bean did not appeal the board's decision, and the RO implemented it in a September 2012 rating decision. Appx4, Appx304-309.

Mr. Bean submitted a statement to the RO, dated in July but received in September 2012, that requested reconsideration of the May 2012 board decision on the basis of CUE.  Appx4, Appx310.  The request specifically asked for reconsideration of the issue of the effective date assigned for his service-connected PTSD, but argued that his 1997 claim for PTSD included a claim for major depressive disorder and generalized anxiety disorder.  Appx4, Appx310.  The RO then issued a rating decision in September 2013 that continued the August 2006 effective date for Mr. Bean's service-connected PTSD, rated at 70 percent, and stated that "[t]here is no evidence of record to show that we received a claim for service connection pr[io]r to that date[, August 2006]."  Appx4, Appx251-252. Mr. Bean filed an NOD in October 2013, which disagreed with the effective date

assigned for the grant of service connection for PTSD and reiterated his contentions from his September 2012 request for reconsideration. Appx4, Appx238. A September 2015 SOC from the RO then confirmed the denial of an earlier effective for PTSD. Appx4, Appx72-73. The SOC also stated:

> Your prior claims for service connection for acquired psychiatric disorder to include generalized anxiety disorder, major depression, and/or [PTSD] became final . . . . There is no evidence of [CUE] (38 C.F.R. 3.105(a)) and no evidence that a formal or informal claim was pending which has not been finally adjudicated (38 C.F.R. 3.160(c)). Prior decisions were found to be correct and finally adjudicated at the time you re-opened your claim on August 14, 2006.

Appx73. Mr. Bean perfected his appeal in October 2015, noting his disagreement with the effective date assigned for his service-connected PTSD and continuing his argument that his 1997 claim for PTSD included additional psychiatric conditions. Appx4, Appx49.

### III. Mr. Bean's Appeal Of The Board's Earlier Effective Date Decision

In a May 10, 2019 decision, the board dismissed the appeal of an earlier effective date for service connection for PTSD. Appx4, Appx19-22. The board acknowledged Mr. Bean's argument that he had pending unadjudicated claims from 1997, but noted that the issue on appeal stemmed from his statement submitted to the RO that had requested reconsideration of the issue of the effective date assigned to his service-connected PTSD. Appx20-21. The board found that

9

that issue was addressed in the May 2012 board decision, which denied entitlement to an earlier effective date for PTSD, and that that decision was final. Appx21. Because that issue had been addressed in a final board decision, the board noted that it could only be revisited in a motion for reconsideration or motion of CUE in the May 2012 board decision. Appx21-22. But even giving Mr. Bean's July 2012 statement a liberal reading, the board determined it could not constitute a motion for reconsideration or CUE of the May 2012 board decision. Appx22. Finally, the board noted that Mr. Bean had not filed a CUE claim in regard to the 1997 RO decision and that he could not file a freestanding claim for an earlier effective date. Appx23.

Mr. Bean appealed the board's decision to the Veterans Court in June 2019. Appx4, Appx11-14.

## IV. The Veterans Court Addresses Mr. Bean's Unadjudicated Claim Argument In A Writ Of Mandamus Decision

In March 2020, before the Veterans Court ruled on Mr. Bean's appeal of the denial of an earlier effective date, Mr. Bean filed a petition for extraordinary relief in the form of a writ of mandamus with the Veterans Court. This writ requested that the court order VA to adjudicate the allegedly pending unadjudicated claims for anxiety and depression. Appx4-5, Appx1013-1033.

In response to the petition, the Secretary of the Department of Veterans Affairs (Secretary) noted that the RO issued a decision in April 2020 that found

10

that the 1997 rating decision did not contain CUE and that the decision did not leave any claims for generalized anxiety disorder or major depressive disorder unadjudicated because neither of those conditions were ever claimed.  Appx5, Appx1040-1042.  Specifically, this April 2020 RO decision found that Mr. Bean requested service connection in February 1997 for post-traumatic stress disorder, which was denied on July 11, 1997, but that he "did not claim service connection for generalized anxiety disorder or major depression; therefore, a decision did not include them as issue."  Appx1041.

Later that same month, the Veterans Court denied Mr. Bean's petition. Appx5, Appx1075-1078.  The court held Mr. Bean failed in his burden of demonstrating that he lacked adequate alternative means of relief.  Appx1077. Specifically, the court held that Mr. Bean had not explained why seeking review of the May 2019 board decision or April 2020 RO decision would not provide sufficient remedies:

> Specifically, he has not explained why his appeal from the May 2019 Board decision or initiating review of the April 2020 rating decision are not adequate remedies.  In this regard, the Court notes that, contrary to the petitioner's assertion, the May 2019 Board decision acknowledged his contention that his 1997 claim had been for an acquired psychiatric disorder, not just PTSD, and that claims for depression and anxiety remained pending. . . . And, the RO, in April 2020, found that the 1997 rating decision "did not leave any unadjudicated claims of service connection for generalized anxiety disorder and major depression because neither of these

11

conditions were ever claimed."

*Id*.

Following the Veterans Court's decision on the writ of mandamus, Mr. Bean continued his appeal of the May 2019 board decision, but did not appeal the April 2020 RO decision that directly addressed his allegation of pending unadjudicated claims.

## V.     The April And December 2021 Veterans Court Decisions

### A.     The Withdrawn April 2021 Decision

On April 28, 2021, the Veterans Court issued a single judge memorandum decision.  Appx1-2, Appx984-993.  The court dismissed the appeal of the May 2019 board decision, noting that Mr. Bean did not raise any argument concerning the board's decision to dismiss his appeal and instead entirely focused his arguments on the issue of whether the board erred by failing to address whether he had pending unadjudicated claims.  Appx1-2, Appx989-991.  However, the court then went on to find that the board erred when it failed to address Mr. Bean's contention that he had pending unadjudicated claims.  Appx1-2, Appx991-993. Although the court stated that "this claim is not related to the issue of entitlement to an earlier effective date for the grant of service connection for this disorder which was before the Board in the decision now on appeal," the court remanded the case for the board to address that issue.  Appx1-2, Appx991-993.

**B.** **The December 2021 Decision On Appeal in This Matter**

The Secretary filed a motion for reconsideration or in the alternative a panel decision, arguing that the court exceeded its jurisdiction by reviewing a question outside the scope of the May 2019 board decision. Appx2. The court granted the motion for reconsideration, withdrew the prior decision, and issued the December 30, 2021, decision presently on appeal. Appx1-9.

The decision dismissed Mr. Bean's appeal, finding that the matters he raised were beyond the court's jurisdiction. Appx6-9. The court explained:

> [Mr. Bean], in his brief, neither asserts error in the Board's decision nor provides any reasons why he believes the Board's decision was wrong. Though [he] contends he has unadjudicated, pending claims for service connection for generalized anxiety and major depressive disorder and that the Board erred when it failed to address these claims, this argument is not related or pertinent to the issue of entitlement to an earlier effective date for the grant of service connection for [PTSD] – which was before the Board in the decision now on appeal.

Appx7. Thus, because it found that Mr. Bean did not raise any arguments about the matter decided by the board and because it found that it did not have jurisdiction over the matters raised by him, the court dismissed his appeal. Appx8.

Mr. Bean appealed to this Court.

## SUMMARY OF THE ARGUMENT

Before the VA, Mr. Bean made two separate contentions – a claim for an

earlier effective date for his service-connected PTSD, and an assertion of pending unadjudicated claims for service connection for major depressive disorder and anxiety. As the Veterans Court noted in its decision on the writ of mandamus, a VA regional office addressed the latter in an April 2020 ratings decision. Mr. Bean did not appeal that ratings decision. Rather, Mr. Bean pursued his unadjudicated claim argument within the context of his PTSD earlier effective date appeal. The Veterans Court, however, dismissed Mr. Bean's appeal, holding that Mr. Bean raised no arguments related to his PTSD, and whether he had pending unadjudicated claims was not before the court. On appeal, Mr. Bean identifies no error on the part of the Veterans Court.

As an initial matter, this Court lacks jurisdiction to entertain Mr. Bean's appeal because he raises an issue of fact. When dismissing Mr. Bean's appeal, the Veterans Court made a factual determination that the only issue before and addressed by the board was entitlement to an earlier effective date for PTSD. Mr. Bean challenges this determination, but this Court lacks jurisdiction to review the Veterans Court's factual findings and application of the law to the facts of the case regarding its jurisdiction. Accordingly, this Court lacks jurisdiction to disturb the Veterans Court's determination.

Nevertheless, this Court should affirm the Veterans Court decision because it did not commit any legal errors in its analysis of its jurisdiction. Mr. Bean raised

14

a specific claim, that he was entitled to an earlier effective date for his service-connected PTSD, which the board denied. When Mr. Bean appealed that decision to the Veterans Court but only raised arguments with respect to a separate issue not addressed by the board, the Veterans Court correctly determined that he did not raise any issues within its jurisdiction.

Mr. Bean's assertion that collateral estoppel prevented the Veterans Court from considering the issue of jurisdiction due to "implicit" conclusions in a prior Veterans Court decision (adverse to Mr. Bean) denying his petition for extraordinary relief in the form of a writ of mandamus, is meritless. The "implicit" conclusion that Mr. Bean extrapolates from the mandamus decision was neither essential to that decision nor litigated by the VA.

Further, Mr. Bean's Fifth Amendment Due Process rights have not been violated because he does not have any pending unadjudicated claims. Despite his arguments to the contrary, he has received multiple decisions from VA that have repeatedly determined that he did have any claims for major depressive disorder or generalized anxiety disorder in 1997.

## ARGUMENT

## I. Jurisdiction And Standard Of Review

Pursuant to 38 U.S.C. § 7292(a), this Court may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . .

15

or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Under 38 U.S.C. § 7292(c), this Court has exclusive jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under [section 7292], and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision."

Section 7292(d)(2) provides that, unless addressing a constitutional issue, this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *See Kelly v. Nicholson*, 463 F.3d 1349, 1352 (Fed. Cir. 2006).

Section 7292(d)(1) provides that, when reviewing a Veterans Court decision, the Court must decide "all relevant questions of law, including interpreting constitutional and statutory provisions" and must set aside any regulation or interpretation thereof "other than a determination as to a factual matter" relied upon by the Veterans Court that it finds to be: "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." This Court has consistently applied section 7292 to bar the fact-based appeal of a decision of the Veterans

16

Court.  *See, e.g.*, *Wagner v. Shinseki*, 733 F.3d 1343, 1349 (Fed. Cir. 2013) (noting that this Court's review is limited to legal questions); *see also Andre v. Principi*, 301 F.3d 1354, 1363 (Fed. Cir. 2002).  This Court reviews legal determinations of the Veterans Court *de novo*.  *Bazalo v. West*, 150 F.3d 1380, 1382 (Fed. Cir. 1998).

**II.    This Court Lacks Jurisdiction To Review The Veterans Court's Factual Determinations Regarding Jurisdictional Issues And Its Application Of Its Jurisdictional Statutes To The Facts of Mr. Bean's Case**

Generally, the question of whether the Veterans Court has jurisdiction over an issue is a matter of statutory interpretation.  *See Ledford v. West*, 136 F.3d 776, 778 (Fed. Cir. 1998) (citing 38 U.S.C. § 7252).  But this Court lacks jurisdiction to review factual findings of the Veterans Court relating to jurisdictional issues, or to review the Veterans Court's application of its jurisdictional statutes to the facts of a particular case.  *See Albun v. Brown*, 9 F.3d 1528, 1530 (Fed. Cir. 1993).

In this case, the Veterans Court's decision did not involve the validity or interpretation of any statute or regulation.  Appx7-8.  Nor did the Veterans Court elaborate upon the meaning of any statute or regulation, or make a decision upon a rule of law.  *Id*.  Instead, the Veterans Court made factual determinations that the only issue before and addressed by the board was whether Mr. Bean was entitled to an earlier effective date for his PTSD, and that Mr. Bean's arguments regarding allegedly pending unadjudicated claims were not pertinent or related to that issue.  *Id*.  These determinations, speaking to the scope of Mr. Bean's claim and appeal,

are factual determinations. *See Comer v. Peake*, 552 F.3d 1362, 1372 (Fed. Cir. 2009); *Bonner v. Nicholson*, 497 F.3d 1323, 1328 (Fed. Cir. 2007). Thus, to the extent Mr. Bean challenges these factual determinations, he raises issues outside this Court's jurisdiction.

**III. The Veterans Court Did Not Commit Any Error In Its Jurisdictional Analysis**

To the extent this Court determines it possesses jurisdiction over Mr. Bean's appeal, the Court should nonetheless affirm the Veterans Court's decision because Mr. Bean's allegation of pending unadjudicated claims was not properly before the Veterans Court.

Although he was then represented by counsel, Mr. Bean did not file an appeal of the April 2020 ratings decision, which found that he had no pending unadjudicated claims. Nor did he file a CUE claim challenging the July 1997 RO decision and alleging that it left his claim unadjudicated.

Instead, Mr. Bean requests that this Court interpret his PTSD earlier effective date challenge as containing an allegation of CUE for his allegedly unadjudicated claims. *See* Applnt Br. at 20 ("the 'issue' before the 2019 Board was not, in fact, whether Mr. Bean was entitled to an earlier effective date for service connection for PTSD, but rather . . . whether Mr. Bean had unadjudicated, pending claims . . . ."). But Mr. Bean's arguments related to his allegedly pending unadjudicated claims amount to an invitation for this Court to order the Veterans

Court to skip over the adjudicative and appellate procedures established by statute and case law. This Court should decline that invitation, and instead affirm the Veterans Court's decision because the court applied the correct law to its jurisdictional analysis and determination.

### A. Applicable Law

### 1. CUE Claims

A request for revision of a prior decision based on CUE is distinct from other benefits claims. It provides the opportunity for a collateral attack on a "[p]revious decision[]," which is otherwise "final… [and] binding." 38 C.F.R. § 3.105(a); *see also* 38 U.S.C. §§ 5109A and 7111; 38 C.F.R. §§ 20.1400 – 20.1411. "Unlike a claim for benefits, a CUE claim subsumes a specific allegation of error. That is, both in name and in logic, a CUE claim is not a generalized assertion of entitlement to benefits. Rather, it is an assertion that the RO [or board] committed a particular clear and unmistakable error." *Andre v. Principi*, 301 F.3d 1354, 1361 (Fed. Cir. 2002).

It is well established that each allegation of CUE is its own claim that is separate and distinct from both other allegations of CUE and other underlying claims. For example, this Court has explained that "[b]ecause a CUE claim involves an allegation of an error with 'some degree of specificity,' a veteran's assertion of a particular clear and unmistakable error by the RO constitutes a

distinct claim." *Andre*, 301 F.3d at 1361. Stated differently, "each 'specific' assertion of CUE constitutes a claim." *Id*. Thus, in *Andre*, CUE claims raised for the first time before the Veterans Court "did not constitute alternative arguments in support of claims previously asserted and decided by the Board . . . . Rather, they were entirely separate and distinct claims that the Board's decision had not addressed." *Id*. at 1361-62; *see also Jarrell v. Nicholson*, 20 Vet. App. 326, 333 (2006) ("Each wholly distinct and different CUE theory underlying a request for revision is a separate matter and, when attacking a prior RO decision, each must be presented to and adjudicated by the RO in the first instance and, if not, the Board lacks jurisdiction over the merits of the matter.").

It is true that the RO and the board are required to give a sympathetic reading to the claim and must fully and sympathetically develop the claim to its optimum before deciding it on the merits. *Andrews v. Nicholson*, 421 F.3d 1278, 1282-83 (Fed. Cir. 2005). Still, though, CUE claims must be pled with specificity, and "[a b]oard decision reaches only the specific assertions of CUE that are raised." *Andrews*, 421 F.3d at 1284 (citing *Andre*, 301 F.3d at 1361).[2] In sum,

---

[2] As a result of this specificity requirement, a claimant's failure to allege CUE in an RO decision based on a particular theory "does not waive such a claim – it only delays its adjudication to a time when it is properly raised." *Andrews*, 421 F.3d at 1284 (citation omitted). However, an appellant may not bring more than one CUE challenge to an issue in a final board decision, and thus an appellant must raise all possible bases for a CUE claim with respect to a board decision or else lose the ability to later raise them in a separate CUE claim. *See Hillyard v.*

each specific allegation of CUE is its own separate claim, distinct from other allegations of CUE and other underlying claims, and each constitutes its own basis of jurisdiction for a board decision.

## 2.    The Board's Jurisdiction

The jurisdiction of the board is statutorily established pursuant to 38 U.S.C. § 7104.  Subsection (a) provides:

> All questions in a matter which under section 511(a) of this title is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary.  Final decisions on such appeals shall be made by the Board. Decisions of the Board shall be based on the entire record in the proceeding and upon consideration of all evidence and material of record and applicable provisions of law and regulation.

38 U.S.C. § 7104(a).  Subsection (b) further provides that "when a claim is disallowed by the Board, the claim may not thereafter be readjudicated and allowed and a claim based upon the same factual basis may not be considered," except for supplemental claims.  38 U.S.C. § 7104(b).

Applying section 7104, the Veterans Court has explained that "[o]nce the Board has jurisdiction over a claim . . . , it has the authority to address all issues related to that claim, even those not previously decided by the RO."  *Jarrell*, 20 Vet. App. at 332 (citing *Bernard v. Brown*, 4 Vet. App. 384, 392 (1993)

---

*Shinseki*, 24 Vet. App. 343 (2012).

(distinguishing between questions or issues in a matter or claim and the matter or claim itself)).  This is because "[a]ll questions within a *single* claim are encompassed within the term 'matter.'"  *Jarrell*, 20 Vet. App. at 332 (emphasis in original) (citing *Bernard*, 4 Vet. App. at 389-92).  Further,

> Once an appellant has appealed to the Board, the BVA must review all issues which are reasonably raised from a liberal reading of the appellant's substantive appeal. Where such review of all documents and oral testimony reasonably reveals that the claimant is seeking a particular benefit, the Board is required to adjudicate the issue of the claimant's entitlement to such a benefit or, if appropriate, to remand the issue to the RO for development and adjudication of the issue.

*Cromley v. Brown*, 7 Vet. App. 376, 378-79 (1995) (quotations and citations omitted).  Where the board fails to adjudicate a claim that was reasonably raised before it, that "constitutes a final adverse BVA decision with respect to that claim." *In re Fee Agreement of Smith*, 10 Vet. App. 311, 314 (1997).

"However, two separate claims are considered two separate 'matters.'" *Jarrell*, 20 Vet. App. at 332 (citing *Godfrey v. Brown*, 7 Vet. App. 398, 410 (1995)).  And "[a]lthough a claimant may file an NOD as to a claim adjudicated below, nothing in an NOD could confer jurisdiction upon the Board over a claim that was never presented to and adjudicated by the RO because there is no decision on such a newly raised claim to appeal to the Board." *Jarrell*, 20 Vet. App. at 331 (citing *Godfrey*, 7 Vet. App. at 408-10).

22

In the context of CUE claims, this means that because each theory of CUE is a separate and distinct matter, each theory of CUE is a separate and distinct basis of jurisdiction for a board decision rather than separate issues within a single matter. *See Jarrell*, 20 Vet. App. at 334 ("Although Ms. Jarrell filed an NOD and a Substantive Appeal, these actions could only confer on the Board jurisdiction to review the merits of a request for revision based on the theory of CUE presented to and adjudicated by the 1997 RO, and they did not serve to establish such jurisdiction in the Board over a request for revision based on a wholly distinct theory of CUE first presented in her Substantive Appeal.").

### 3. The Veterans Court's Jurisdiction

The jurisdiction of the Veterans Court is statutorily defined in 38 U.S.C. § 7252(a), which provides that the court "shall have exclusive jurisdiction to review decisions of the [board]." 38 U.S.C. § 7252(a). In turn, the court's jurisdiction "is limited to appeals from final decisions of the board." *Breeden v. Principi*, 17 Vet. App. 475, 477 (2004) (analyzing 38 U.S.C. §§ 7252 and 7266(a)(1)). "The [c]ourt also has jurisdiction to remand to the Board any matters that were reasonably raised below that the Board should have decided, with regard to a claim properly before the [c]ourt, but failed to do so." *Clemons v. Shinseki*, 23 Vet. App 1, 3 (2009) (citations omitted); *see also Travelstead v. Derwinski*, 1 Vet. App. 344, 346 (1991) ("When the BVA makes a decision (implicitly or explicitly)

23

not to deal with an issue considered at the VARO level, then that decision not to decide an issue is a decision by the BVA which is properly before this [c]ourt.").

To properly bring an appeal before the Veterans Court, an appellant must challenge a board decision. *Andre*, 301 F.3d at 1359 ("[I]n order to invoke the Veterans Court's jurisdiction, the veteran's appeal must challenge a 'decision' of the Board 'with respect to the benefit sought by the veteran.'" (quoting *Maggitt v. West*, 202 F.3d 1370, 1376 (Fed. Cir. 2000))). Interpreting "decision," this Court has held that the Veterans Court's jurisdiction extends to new arguments that were not addressed by the board, "provided it otherwise has jurisdiction over the veteran's claim." *Andre*, 301 F.3d at 1359 (quoting *Maggitt*, 202 F.3d at 1377).

However, a board decision, for purposes of the Veterans Court's jurisdiction, cannot be considered to include separate, unadjudicated claims. "[A] veteran must first present a request for a benefit to the Board, then receive a decision on that request, in order to vest jurisdiction in the Veterans Court to consider the veteran's request and arguments in support thereof." *Maggitt*, 202 F.3d at 1376 (citing *Ledford v. West*, 136 F.3d 776 (Fed. Cir. 1998)). If a board decision "does not make a final determination with respect to the benefits sought by the veteran . . . , the Board's [decision] does not represent a final decision over which [the Veterans] Court has jurisdiction." *Breeden*, 17 Vet. App. at 478; *see also Andre*, 301 F.3d at 1360 ("Since the Board had never issued a decision concerning the

RO's 1981 decision to change Ledford's rating from 100% disability to 100% schedular, there existed no predicate Board decision on which the court could rely to assert jurisdiction."); *Jarrell*, 20 Vet. App. 326 (noting that the court does not have jurisdiction to review a claim absent a final decision by the board on the claim in dispute); *King v. Nicholson*, 19 Vet. App. 406, 411 (2006) (noting that the Veterans Court has jurisdiction only to review those claims that were the subject of the board decision on review); *cf. Ingram v. Nicholson*, 21 Vet. App. 232, 245 (2007) ("There is no suggestion in [case law establishing the duty to sympathetically construe filings] that a decision on a wholly different claim could be regarded as a final decision on a claim not mentioned in that decision.").

Further, as with the board's jurisdiction, CUE claims present unique scenarios with respect to the Veterans Court's jurisdiction. "[E]ach 'specific' assertion of CUE constitutes a claim that must be the subject of a decision by the BVA before the Veterans Court can exercise jurisdiction over it." *Andre*, 301 F.3d at 1361.

**B. The Veterans Court Correctly Determined That It Lacked Jurisdiction To Consider Mr. Bean's Assertions Regarding Allegedly Pending Unadjudicated Claims**

As detailed above, in May 2012, the board issued a decision granting Mr. Bean entitlement to a 70 percent rating for his service-connected PTSD effective August 2006, but denying an earlier effective date. Appx3-4, Appx319-

339.  The board determined that the issue of pending unadjudicated claims was not before it, stating that such arguments were not grounds for an earlier effective date for PTSD and that if Mr. Bean believed there was an error in the 1997 rating decision, he could file a claim asserting clear and unmistakable error (CUE) in that decision.  Appx4.

In July 2012, Mr. Bean submitted a statement in support of a claim seeking reconsideration of the May 2012 board decision.  Appx4, Appx310.  The board, however, found that the filing could not be "a motion for reconsideration, revision, or vacatur" because it did not meet the requirements for such a motion.  Appx22. For example, Mr. Bean submitted his request to the RO and not the board.  Appx4, Appx310; *See* 38 C.F.R. § 20.1002(b) (noting that motions for reconsideration must be filed at the board).  Thus, even giving Mr. Bean's request a liberal reading, the board determined the filing could not constitute a motion for reconsideration or CUE in the May 2012 board decision nor a CUE claim in regard to the 1997 RO decision.  Appx22-23.  The only issue that the board issued a decision on, therefore, was that Mr. Bean was not entitled to an effective date prior to August 2006 for the grant of service connection for PTSD.

On appeal to the Veterans Court, Mr. Bean did not raise any arguments with respect to the issue that the board decided, that is, entitlement to an earlier effective date for his service-connected PTSD.  Appx7.  Instead, his arguments solely

26

addressed the issue of whether he had pending unadjudicated claims.  Appx7.  But

as the Veterans Court explained:

> Though [he] contends he has unadjudicated, pending
> claims for service connection for generalized anxiety and
> major depressive disorder and that the Board erred when
> it failed to address these claims, this argument is not
> related or pertinent to the issue of entitlement to an
> earlier effective date for the grant of service connection
> for [PTSD] – which was before the Board in the decision
> now on appeal.

Appx7.  The Veterans Court thus dismissed Mr. Bean's appeal for lack of

jurisdiction.

The Veterans Court committed no error.  As noted above, CUE claims must

be pled with specificity and each CUE claim constitutes a claim distinct and

separate from other underlying claims.  Further, board decisions reach only the

specific assertion of CUE that is raised.  *Andrews*, 421 F.3d at 1284 (citing *Andre*,

301 F.3d at 1361).  In other words, in order to raise CUE in the 1997 rating

decision regarding unadjudicated claims, Mr. Bean was required to file a CUE

claim specifically addressing the allegedly unadjudicated claims.

Here, however, the board correctly found that Mr. Bean submitted no CUE

claim regarding the 1997 RO decision.  Appx22-23.  Although Mr. Bean alleged in

his July 2012 filing that his original PTSD claim "constituted a claim for an

acquired psychiatric disability to include generalized anxiety disorder [and] major

depression," he did not submit his July 2012 request for reconsideration directly to

the Board or otherwise move for reconsideration, revision, or vacatur of the 1997 RO decision. Appx310. The only issue that the board issued a decision on, therefore, was that Mr. Bean was not entitled to an effective date prior to August 2006 for the grant of service connection for PTSD. Thus, because the scope of the board's decision defines the jurisdiction of the Veterans Court, the only issue before the Veterans Court in this matter was Mr. Bean's entitlement to an earlier effective date for his service-connected PTSD. *See Andre*, 301 F.3d at 1359; Appx7.

It is true that Mr. Bean presented arguments regarding allegedly pending unadjudicated claims to the board. But those were not separate theories addressing the same matter; they constituted separate matters entirely that were beyond the board's jurisdiction. *See Jarrell*, 20 Vet. App. at 334. And because those matters were not within the board's jurisdiction and subject to a final board decision, they were likewise not properly within the Veterans Court's jurisdiction. *See Maggitt*, 202 F.3d at 1376; *Ledford*, 136 F.3d at 779; *Jarrell*, 20 Vet. App. 326; *King*, 19 Vet. App. at 411; *Breeden*, 17 Vet. App. at 478. Therefore, the Veterans Court did not commit any error when it dismissed Mr. Bean's appeal for lack of jurisdiction.

### C. Mr. Bean Demonstrates No Error In The Veterans Court's Decision

In his opening brief, Mr. Bean contends that the Veterans Court was incorrect when it determined it lacked jurisdiction to address his arguments

regarding allegedly pending unadjudicated claims.  However, as explained below, there is no merit to his arguments.

Mr. Bean first argues that the Veterans Court had jurisdiction to review the constitutional issues that he raised, citing to 38 U.S.C. § 7261(a)(3)(B).  Applnt. Br. at 18-19.  But his argument misapplies the statute.  Section 7261, titled "Scope of review," defines the scope of the Veterans Court review once it has jurisdiction to consider a case.  However, it does not provide an independent basis for the Veterans Court to extend its jurisdiction, which is otherwise still governed by 38 U.S.C. § 7252.  Indeed, the language of section 7261(a)(3)(B) is consistent with section 7252 in that it makes clear that the Veterans Court may take action with respect to constitutional issues that arise in decisions, findings, or conclusions of the board.[3]  As noted above, the board decision that Mr. Bean appealed did not in any way relate to allegedly pending unadjudicated claims.  Rather, it only addressed an earlier effective date for his service-connected PTSD.  Mr. Bean has not raised any allegations that that aspect of the board's decision violated his constitutional rights.

Mr. Bean next asserts that the Veterans Court possessed jurisdiction over the

---

[3]  Logically, this makes sense because having a board decision is often a necessary component of having a fully developed record for the court to utilize when deciding constitutional issues. *Cf. Saunders v. Brown*, 4 Vet. App. 320, 326 (1993).

issue of allegedly pending unadjudicated claims pursuant to 38 U.S.C. §§ 7104 and 7105. Applnt. Br. at 19-21. In particular, he asserts that the issue before the board was whether he had pending unadjudicated claims because the issue was contained in the record and he had expressed disagreement with the latter. Applnt. Br. at 20.

Mr. Bean's argument suffers from several flaws. But, as an initial matter, for this Court to determine that an earlier effective date for PTSD was not the actual issue on appeal would require the Court to review and determine the scope and contents of Mr. Bean's submissions. As detailed above, this would involve factual determinations beyond this Court's jurisdiction. 38 U.S.C. § 7292(d)(2). Further, Mr. Bean's approach would in essence allow claimants to expand the scope of the board's jurisdiction through NODs, a result that the Veterans Court has explicitly rejected. *See Jarrell*, 20 Vet. App. at 331 (citing *Godfrey*, 7 Vet. App. at 408-10).

Nevertheless, the most fundamental problem with Mr. Bean's argument is that it ignores the context of his case: that he did not raise a CUE claim challenging the specific issue of pending adjudicated claims. The numerous cases that he attempts to rely upon likewise are distinguishable in that none of them involve CUE claims. *See* App. Br. at 22-32 (citing *Cogburn v. Shinseki*, 24 Vet. App. 205 (2010); *Travelstead v. Derwinski*, 1 Vet. App. 344 (1991); *Elkins v. Derwinski*, 2 Vet. App. 422 (1992); *Cromley v. Brown*, 7 Vet. App. 376 (1995);

30

*Owens v. Brown*, 7 Vet. App. 429 (1995); *In re Fee Agreement of Smith*, 10 Vet. App. 311 (1997)). Mr. Bean is correct that all these cases provide that the Veterans Court has jurisdiction to consider an issue not addressed by the board as long as it was properly before the board and court. But the decisions do not condone a court changing the nature of a CUE claim and thus the jurisdiction implications that attach to the specific nature of a CUE claim. Instead, to reiterate, board decisions reach only the specific assertion of CUE that is raised, *Andrews*, 421 F.3d at 1284 (citing *Andre*, 301 F.3d at 1361), and Mr. Bean's July 2012 filing did not contain a specific allegation of CUE related to pending unadjudicated claims. Appx22-23; Appx310.

Mr. Bean's argument that the Veterans Court's decision permits VA to pick and choose which issues to address, Applnt. Br. at 32-25, suffers from a similar defect. In this context, he asserts that the Veterans Court improperly focused on what was addressed by the board rather than the specific determination that was appealed. Applnt. Br. at 32. But this point actually cuts against Mr. Bean. The specific determination that was properly challenged was the effective date assigned for his service-connected PTSD. As detailed above, Mr. Bean did not properly raise arguments about other allegedly pending unadjudicated claims.

Finally, Mr. Bean argues that the principle of collateral estoppel should have prevented the Veterans Court from relitigating the issue of jurisdiction after it did

so in the decision on his petition for extraordinary relief in the form of a writ of mandamus. Applnt. Br. at 35-37. But Mr. Bean fails to recognize that jurisdiction can always be raised, at any stage of a judicial proceeding, and the law of the case doctrine does not bar reconsideration of jurisdictional issues. *Fugere v. Derwinski*, 972 F.2d 331, 334 n.5 (Fed. Cir. 1992); *Heath v. West*, 11 Vet. App. 400, 402 (1998).

Mr. Bean's collateral estoppel argument is also flawed because it misunderstands the Veterans Court's writ of mandamus decision. Mr. Bean argues under the first collateral estoppel factor that "the determination that the Veterans Court would have jurisdiction to hear Mr. Bean's appeal of the May 2019 Board decision" was "implicit" in the Veterans Court's decision. Applnt. Br. at 36. The Veterans Court's mandamus decision, however, does not purport to decide the jurisdictional question that ultimately arose when Mr. Bean appealed the May 2019 Board decision. Rather, the Veterans Court merely held that Mr. Bean failed to *satisfy his burden to identify* a lack of adequate alternative means. Appx1077 (explaining that Mr. Bean "*has not explained* why his appeal from the May 2019 Board decision or initiating review of the April 2020 rating decision are not adequate remedies.") (emphasis added). In other words, the writ decision never held that the present appeal was an adequate alternative, but rather than Mr. Bean failed to demonstrate the alternative's inadequacy. Thus, Mr. Bean's

32

understanding that the Veterans Court would have jurisdiction to hear his arguments regarding allegedly pending unadjudicated claims in an appeal from the May 2019 Board decision was neither implied by nor essential to the judgment as required for issue preclusion.

We also note that Mr. Bean improperly commingles the Veterans Court and the Secretary of the VA when he characterizes the statements and conclusions of the Veterans Court in its mandamus decision as an issue of fact or law actually litigated by the Secretary. When the Secretary responded to Mr. Bean's petition for extraordinary relief, he never argued that Mr. Bean would be able to obtain a remedy for his allegedly unadjudicated claims by appealing the May 2019 Board decision. Instead, the Secretary referred the Veterans Court to the regional office's April 4, 2020, decision and pointed out that, if Mr. Bean disagreed with the regional office's decision, "he may avail himself of the VA's appeals process." Appx1037. In other words, although the Veterans Court ultimately made reference to a potential appeal of the May 2019 Board decision in its mandamus opinion, the viability of that avenue was never actually litigated by the Secretary.

## IV. Mr. Bean's Fifth Amendment Due Process Rights Have Not Been Violated Because He Does Not Have Any Pending Unadjudicated Claims

Mr. Bean asserts that he has pending unadjudicated claims, Applnt. Br. at 25-27, and that VA has violated his due process rights by failing to adjudicate

those claims for a period of 25 years.  Applnt. Br. at 38-43.  But Mr. Bean's

argument is based upon a faulty premise – that he has pending unadjudicated

claims.

In his opening brief, Mr. Bean ignores the fact that VA has on numerous

occasions determined that there were no pending unadjudicated claims from 1997.

A June 2008 SOC explained that there was no evidence of an unadjudicated claim:

> A review of your claims folder indicates you specifically
> claimed service connection for [PTSD].  There was no
> indication that you were claiming service connection for
> any other disability.  In addition, you (sic) examination
> report did not relate your major depressive disorder or
> generalized anxiety disorder to any psychiatric disorder
> in service. . . .  *There is no evidence of a claim for a*
> *psychiatric disorder which was not adjudicated*.

Appx482 (emphasis added).  As did a May 2010 SSOC:

> *[T]here is no evidence of a claim for psychiatric disorder*
> *which was not adjudicated*.  Review of the evidence
> shows you specifically claimed service connection for
> PTSD on your original claim . . . and the examination
> report did not relate your major depressive disorder or
> generalized anxiety disorder to any psychiatric disorder
> in service.

Appx416 (emphasis added).  A September 2015 SOC also determined that there is

"no evidence that a formal or informal claim was pending which has not been

finally adjudicated."   Appx73.  And an April 2020 RO decision found that the

1997 rating decision did not contain CUE and that the decision did not leave any

claims for generalized anxiety disorder or major depressive disorder unadjudicated

because neither of those conditions were ever claimed.  Appx5, Appx1040-1042.[4]

Accordingly, Mr. Bean does not present a due process claim for the deprivation of an interest he has in filed claims, but rather his disagreement is with the VA's factual determination that he has no pending unadjudicated claims. Because his argument, in substance, amounts to no more than an allegation that the VA erroneously weighed the facts regarding his claims, it is constitutional in name only, and this Court does not possess jurisdiction to entertain.  *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999).

Moreover, for similar reasons, Mr. Bean's argument fails under the due process analysis of *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).  In *Mathews*, the Supreme Court established a three-factor analysis to determine whether the Government's official action violated an individual's due process rights, to include:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

---

[4] Mr. Bean asserts that the April 2020 RO decision must be strictly cabined to the issue of CUE.  Applnt. Br. at 25-26 n.9.  But this myopic focus ignores that the decision explicitly answered the issue of whether any claims were pending.  It would also effectively prohibit implicit denials, which Mr. Bean otherwise correctly notes are possible.  *See* App. Br. at 26-27.

*Id*. at 334-35.  Here, under the second factor, Mr. Bean ignores that procedures existed for him to challenge the VA's determination that he had no pending unadjudicated claims – an appeal of the April 2020 RO decision. Mr. Bean does not establish that this appeal process would be insufficient or otherwise create risk of erroneous deprivation of any interest he has in his alleged unadjudicated claims.  Further, for the third factor, the Government's interest, Mr. Bean focuses on the alleged length of time to adjudicate his claims, but ignores that the VA has repeatedly found no claims to adjudicate.

## **CONCLUSION**

For the foregoing reasons, we respectfully request that the Court dismiss this appeal or, alternatively, affirm the Veterans Court's decision.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

/s/ William J. Grimaldi
WILLIAM J. GRIMALDI
Assistant Director

/s/ Eric J. Singley
ERIC J. SINGLEY
Trial Attorney
Commercial Litigation Branch
Civil Division

36

Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tele: (202) 616-1273
eric.j.singley@usdoj.gov

July 18, 2022                    Attorneys for Appellee

## CERTIFICATE OF COMPLIANCE

Counsel for respondent certifies that this brief complies with the Court's type-volume limitation rules. *See* Fed. Cir. R. 32(a). According to the word-count calculated by the word processing system with which this brief was prepared, the brief contains a total of 8,076 words, which is within the 14,000 word limit.

/s/ Eric J. Singley

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 18th day of July, 2022, a copy of the foregoing "BRIEF FOR RESPONDENT-APPELLEE" was filed electronically and served on all parties by operation of the Court's electronic filing system.

/s/Eric J. Singley
ERIC J. SINGLEY