No. 22-1447

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

**WILFRED D. BEAN,**
Claimant-Appellant,

v.

**DENIS MCDONOUGH**,
**SECRETARY OF VETERANS AFFAIRS**,
Respondent-Appellee.

Appeal from the United States Court of Appeals
for Veterans Claims in Case No. 19-4116,
Judge Coral W. Pietsch

# APPELLANT'S REPLY BRIEF

JENNIFER A. ZAJAC
LINDA E. BLAUHUT
PARALYZED VETERANS OF AMERICA
801 18th Street, NW
Washington, DC 20006
(760) 639-0765

August 8, 2022

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................i

TABLE OF AUTHORITIES ........................................................................ ii

SUMMARY OF ARGUMENT ........................................................................1

ARGUMENT ........................................................................2

I. FOR TWENTY-FIVE YEARS, THE RECORD HAS SHOWN AND MR. BEAN HAS ASSERTED THAT HE IS ENTITLED TO SERVICE CONNECTION FOR GENERALIZED ANXIETY AND MAJOR DEPRESSIVE DISORDER, BUT THE VA HAS NOT RENDERED A DECISION ON THESE CONDITIONS; THIS IS MR. BEAN'S APPEAL. ......2

II. THE COURT HAS JURISDICTION TO HEAR MR. BEAN'S APPEAL. .......6

III. THE GOVERNMENT'S POSITION THAT MR. BEAN MUST RAISE HIS ISSUE BY MOVING FOR REVISION BASED ON CLEAR AND UNMISTAKABLE ERROR WOULD REQUIRE MR. BEAN TO MAKE A LEGALLY IMPOSSIBLE MOTION. ........................................................................7

IV. THE COURT SHOULD FIND THAT THE GOVERNMENT HAS CONCEDED THAT THE BOARD AND VETERANS COURT HAD JURISDICTION TO HEAR HIS APPEAL. ........................................................................9

V. THE SECRETARY'S ASSERTION THAT THE VETERANS COURT DOES NOT HAVE THE AUTHORITY TO HEAR CONSTITUTIONAL CLAIMS IS IRRELEVANT. ........................................................................10

VI. THE COURT SHOULD DISREGARD THE GOVERNMENT'S ATTEMPT TO CIRCUMVENT THE CONSTITUTIONAL ISSUES RAISED HERE. .....10

A. The Government Fails to Establish that Mr. Bean's Claims for Service Connection for Generalized Anxiety and Major Depressive Disorder Are Not Still Pending. ........................................................................11

B. The Government's Insistence that the April 2020 Rating Decision Addresses Mr. Bean's Claims and Therefore There Are No Longer Unadjudicated,

Pending Claims Is a Red Herring. ..................................................................13

CONCLUSION AND RELIEF SOUGHT ..............................................................14

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barrett v. Nicholson*, 466 F.3d 1038 (Fed. Cir. 2006) ....................1

*Boggs v. Peake*, 520 F.3d 1330 (Fed. Cir. 2008) ....................3

*Bonte v. U.S. Bank, N.A.,* 624 F.3d 461 (7th Cir. 2010) ....................5, 9

*Buie v. Shinseki*, 24 Vet.App. 242 (2010) ....................3

*Bustos v. West*, 179 F.3d 1378 (Fed. Cir. 1999) ....................8

*Clemons v. Shinseki*, 23 Vet.App. 1 (2009) ....................2

*Clifton Power Corp. v. FERC*, 88 F.3d 1258 (D.C. Cir. 1996) ....................5, 9

*Cook v. Principi*, 353 F.3d 937 (Fed. Cir. 2003) ....................6

*Coker v. Nicholson*, 19 Vet.App. 439 (2006) ....................3

*Cousin v. Wilkie*, 905 F.3d 1316 (Fed. Cir. 2018) ....................7

*Cushman v. Shinseki*, 576 F.3d 1290 (Fed. Cir. 2009) ....................10

*Davis v. Passman*, 442 U.S. 228 (1979) ....................12, 14

*Geib v. Shinseki*, 733 F.3d 1350 (Fed. Cir. 2013) ....................10

*George v. McDonough*, 991 F.3d 1227 (Fed. Cir. 2021) ....................7

*In re Bailey*, 182 F.3d 860 (Fed. Cir. 1999) ....................10

*Ingram v. Nicholson*, 21 Vet.App. 232 (2007) ....................11, 12, 13, 14

*Johnson v. Robison*, 415 U.S. 361 (1974) ....................10

*King v. Shinseki*, 26 Vet.App. 433 (2014) ....................7, 8, 14

*Lang v. Wilkie*, 971 F.3d 1348 (Fed. Cir. 2020) ....................7, 8

*MacWhorter v. Derwinski*, 2 Vet.App. 133 (1992) ....................5, 6, 9

*Maggitt v. West*, 202 F.3d 1370 (Fed. Cir. 2000) ................................................6, 7

*Matter of Wick*, 40 F.3d 367 (Fed. Cir. 1994) ........................................................6

*Mayfield v. Nicholson*, 499 F.3d 1317 (Fed. Cir. 2007) .......................................12

*Murray v. Shinseki*, 24 Vet.App. 420 (2011) ..........................................................4

*Simon v. Wilkie*, 30 Vet.App. 403 (2018) ..............................................................14

*Walker v. Shinseki*, 708 F.3d 1331 (Fed. Cir. 2013) ................................................4

*White v. Mathews*, 559 F.2d 852 (2d Cir. 1977). ..................................................12

**Statutes and Regulations**

38 U.S.C.A. § 5104 (West 2014) ...........................................................................12

38 U.S.C.A. § 5109A (West 2014) ...........................................................................8

38 U.S.C.A. § 7104 (West 2014) ...............................................................................2

38 U.S.C.A. § 7111 (West 2014) ...............................................................................8

38 U.S.C.A. § 7292 (West 2014) ...........................................................................6, 8

38 C.F.R. § 3.103 (1996-) ....................................................................................2, 11

38 C.F.R. § 3.104 (2007-) .........................................................................................11

38 C.F.R. § 3.105 (2007-) ...........................................................................................8

38 C.F.R. § 3.303 (2007-) ...........................................................................................2

38 C.F.R. § 4.130 (2007) ........................................................................................3, 8

38 C.F.R. § 19.29 (2007-) ......................................................................................8, 12

## SUMMARY OF ARGUMENT

Mr. Bean suffers from anxiety and depression, with his anxiety diagnosed in service, and both of which were confirmed by VA examination and related to his time in Vietnam; *but*, VA has never issued a decision on these conditions, much less granted service connection for them. Despite VA's failure to award service connection based on the record evidence, Mr. Bean did what he was supposed to do; he "pursue[d] a resolution" of his claim, repeatedly asking VA to recognize his anxiety and depression as related to his time in service, as raised by the record *and supported by VA's own medical opinions.* VA has refused to issue a decision.

This case is that straightforward – should it take 25 years for VA to act on its own record? – and the Government's arguments distract from these clear facts, seemingly urging this court in a different direction. The Government's positions are counter to case law, statutes, and regulations, and contradict its own mission, in that the "government's interest in veterans cases is not that it shall win, but rather that justice shall be done, *that all veterans so entitled receive the benefits due to them*." *Barrett v. Nicholson*, 466 F.3d 1038, 1044 (Fed. Cir. 2006) (emphasis added).

Therefore, this court should reverse the Veterans Court's decision and remand for Mr. Bean to be awarded service connection.

# ARGUMENT

## I. FOR TWENTY-FIVE YEARS, THE RECORD HAS SHOWN AND MR. BEAN HAS ASSERTED THAT HE IS ENTITLED TO SERVICE CONNECTION FOR GENERALIZED ANXIETY AND MAJOR DEPRESSIVE DISORDER, BUT THE VA HAS NOT RENDERED A DECISION ON THESE CONDITIONS; THIS IS MR. BEAN'S APPEAL.

The Government asserts that "Mr. Bean requests that this Court interpret his PTSD earlier effective date challenge as containing an allegation of [clear and unmistakable error (CUE)] for his allegedly unadjudicated claims." Government (Gov't) Brief (Br.) at 18; *see id.* at 27-28. This argument misstates Mr. Bean's arguments and unnecessarily complicates this case.

To be clear, the following facts are undisputed:

- While in the U.S. Army and serving in Vietnam, Mr. Bean experienced several traumatic events, including being mistaken for a member of the Viet Cong. Appx0534; Appx0647.
- Mr. Bean was diagnosed with anxiety reaction disorder while still in the Army. Appx0083, Appx0084.
- Mr. Bean sought service connection for Post-Traumatic Stress Disorder (PTSD) in February 1997.[1] Appx0842-045.

---

[1] VA is not limited to what a veteran states on a claim form; it is obligated to do much more. 38 C.F.R. §§ 3.103(a) (the agency of original jurisdiction must "render a decision which grants every benefit that can be supported in law while protecting the interests of the Government"), 3.303(a) ("Determinations as to service connection will be based on review of the entire evidence of record") (1996-); *see* 38 U.S.C.A. § 7104(a) (West 2014) (since this is a legacy case, counsel has referred to the prior version of the statutes); *Clemons v. Shinseki*, 23 Vet.App. 1, 5 (2009) (holding a claim for PTSD is not limited only to that diagnosis, but intrinsically includes a claim for any mental disability that "may reasonably be encompassed by several factors including: . . . the information the

- A *VA doctor* diagnosed Mr. Bean with major depression, severe, recurrent, and generalized anxiety disorder in a June 1997 Compensation & Pension (C&P) examination, Appx0748.

- The July 11, 1997, rating decision did not address whether Mr. Bean was service connected for major depressive disorder or generalized anxiety. Appx0741-0743.

- Mr. Bean raised the issue of service connection for major depressive disorder and PTSD in August 2006. Appx0658.

- A *VA doctor* diagnosed Mr. Bean with "severe depression and anxiety *which started while he was serving in Vietnam and has been present consistently since that time*." Appx0647 (emphasis added).

- A *VA doctor*, in a July 2007 C&P examination, explained Mr. Bean "started having problems with anxiety right after Vietnam and I believe that this was the initial stage of his posttraumatic stress disorder symptoms. Because of his anxiety *and* most likely posttraumatic stress disorder symptoms, he was not able to promote in his job." Appx0563 (emphasis added)

- The October 4, 2007, rating decision granted service connection for PTSD, at 30%, effective August 14, 2006.[2] Appx0512-0515. The

---

claimant submits *or that the Secretary obtains in support of the claim*"); *Coker v. Nicholson*, 19 Vet.App. 439, 441-42 (2006) (explaining whether the issues were reasonably raised by the entire record, not just what the claimant put on the initial form), *vacated on other grounds sub nom. Coker v. Peake*, 310 F. App'x 371 (Fed. Cir. 2008) (per curiam).

[2] As noted in Appellant's Brief, *see* Appellant's (App's) Brief (Br.) at 4 n.1, the VA rates generalized anxiety disorder under Diagnostic Code (DC) 9400, Posttraumatic stress disorder under DC 9411, and major depressive disorder under DC 9434. 38 C.F.R. § 4.130 (2007-). While the General Rating Formula for Mental Disorders applies to all three of these DCs, and Mr. Bean may have some overlapping symptomatology, they are distinct medical diagnoses and therefore can – and should – be separately rated. *Boggs v. Peake*, 520 F.3d 1330, 1336-37 (Fed. Cir. 2008); *see Buie v. Shinseki*, 24 Vet.App. 242, 250 (2010) (reiterating the Secretary has a duty to maximize a veteran's benefits); *cf.* Appx0482.

decision acknowledges that, while the Regional Office (RO) had not confirmed Mr. Bean's in-service stressors, Mr. Bean had been "treated for anxiety reaction in service, which is *evidence that [he] suffered from a psychiatric condition during military service*." Appx0514 (emphasis added).

- The October 2007 rating decision did not separately address whether Mr. Bean should be service connected for generalized anxiety or major depressive disorder. Appx0512-0515.
- Mr. Bean submitted a statement dated December 8, 2007, which specifically argued that he had unadjudicated, pending claims and that his initial claim in 1997 for service connection for PTSD had included major depressive disorder and anxiety. Appx0487-0488.

The law is also clear: service connection requires showing that a current disability was incurred in or aggravated by service, with nexus evidence demonstrating the connection. *See Walker v. Shinseki*, 708 F.3d 1331, 1334 (Fed. Cir. 2013) (citing 38 C.F.R. § 3.303(b)). As noted above, Mr. Bean's record contains evidence supporting all three elements and his request for benefits. But, despite VA's obligations and the clear evidence, VA has yet to render a decision on service connection for these two conditions, as it is required to do. This is Mr. Bean's argument.

---

Additionally, as previously noted, the amount at issue here is not negligible. Depending on what rating Mr. Bean would be assigned, his retroactive award could be anywhere from over $11,000 (if he was awarded a 10% rating) *to over* $110,000 (if his current 70% rating was awarded back to 1997) for the period of 1997-2006 (at which point he began to receive 70% for his service-connected PTSD). Additional compensation may also be possible depending on how any retroactive award would be combined with his current PTSD rating. *See Murray v. Shinseki*, 24 Vet.App. 420, 423 (2011) (reiterating that separate disability ratings are warranted if the symptoms of the conditions are "distinct and separate").

Nonetheless, the Government characterizes Mr. Bean's arguments as asking this court to interpret his "PTSD earlier effective challenge as containing an allegation of CUE." Gov't Br. at 18. This characterization is simply wrong; Mr. Bean *never* requested for either court to consider the issue as a challenge to the earlier effective date for the award for PTSD.[3] Appellant's Brief; Appx0892-Appx0939; Appx0960-Appx0983; *see MacWhorter v. Derwinski*, 2 Vet.App. 133, 135 (1992) (discussing the purpose of filing a brief in an appellate court is to present the issues that *the party* wants addressed). Mr. Bean is simply asking for the VA to adjudicate a claim that has remained in limbo since 1997.

Therefore, as the Government's arguments center around the inaccurate premise that Mr. Bean seeks a determination based on CUE, the circuit court should (1) hold the Government has conceded error by failing to address the actual arguments made by Mr. Bean, *see Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 466 (7th Cir. 2010); *Clifton Power Corp. v. FERC*, 88 F.3d 1258, 1267 (D.C. Cir. 1996) (when a party fails to respond to an argument, the court may take the point as

---

[3] The *May 2012 Board* convoluted the situation by suggesting that Mr. Bean should raise his concerns for an earlier effective date for his service-connected PTSD as a motion for revision based on clear and unmistakable error (CUE), *see* Appx0319-0339, and the April 2020 rating decision made matters worse by addressing an issue that was never presented and could not legally take place. Appx1040-1042. In both instances, Mr. Bean was not represented by counsel and did not control the proceedings, and it is inaccurate for the Government to ascribe VA's actions to Mr. Bean.

conceded); *MacWhorter*, 2 Vet.App. at 135, (2) reverse the Veterans Court's decision, and (3) remand for Mr. Bean to be awarded service connection for generalized anxiety and major depressive disorder. *See* 38 U.S.C.A. § 7292(e)(1) (West 2014).

## II. THE COURT HAS JURISDICTION TO HEAR MR. BEAN'S APPEAL.

The Government contends that this court does not have jurisdiction to hear Mr. Bean's appeal, arguing that "the Veterans Court made factual determinations that the only issue before and addressed by the board was whether Mr. Bean was entitled to an earlier effective date for his PTSD." Gov't Br. at 17 (citing *Albun v. Brown*, 9 F.3d 1528, 1530 (Fed. Cir. 1993)). The Government is wrong.

The Veterans Court held that "the matter raised by the appellant exceeds the Court's jurisdiction." Appx007. This is an issue of statutory interpretation: does the matter raised by appellant fall within 38 U.S.C. § 7252? *See Matter of Wick*, 40 F.3d 367, 370 (Fed. Cir. 1994).

Moreover, this court has held that "[j]urisdictional determinations are themselves legal issues that can be reviewed by this court." *Cook v. Principi*, 353 F.3d 937, 939 (Fed. Cir. 2003). More specifically, this court held that the "*jurisdictional reach* of the Veterans Court presents a question of law for our plenary review." *Maggitt v. West*, 202 F.3d 1370, 1374 (Fed. Cir. 2000) (emphasis added).

Therefore, as Mr. Bean is asking this court to determine whether the Veterans Court was correct in its statutory interpretation that the matter presented exceeded its jurisdiction, the issue presented falls squarely within this court's jurisdiction and the court should so hold. *Id.*

## III. THE GOVERNMENT'S POSITION THAT MR. BEAN MUST RAISE HIS ISSUE BY MOVING FOR REVISION BASED ON CLEAR AND UNMISTAKABLE ERROR WOULD REQUIRE MR. BEAN TO MAKE A LEGALLY IMPOSSIBLE MOTION.

The Government argues that the "fundamental problem with Mr. Bean's argument" is that "he did not raise a CUE claim challenging the specific issue of pending adjudicated claims," in essence, arguing that the only way for Mr. Bean to have pursued that he had unadjudicated, pending claims was to make a motion for revision based on CUE. Gov't Br. at 30, 30-31. But this creates a legal impossibility. *See*, *e.g.*, *Lang v. Wilkie*, 971 F.3d 1348, 1352 (Fed. Cir. 2020) (reiterating that only final decision can be subject to a motion for revision based on CUE); *King v. Shinseki*, 26 Vet.App. 433, 441 (2014).

The test for CUE is well established. *See Cousin v. Wilkie*, 905 F.3d 1316, 1319 (Fed. Cir. 2018). It is a " 'rare' " error of fact or law at the time of the final decision in question and, the error must be "outcome determinative." *George v. McDonough*, 991 F.3d 1227, 1233 (Fed. Cir. 2021) (quoting *Cook v. Principi*, 318 F.3d 1334, 1345 (Fed. Cir. 2002)). As such, in order to raise a motion for revision based on CUE, there must be a final decision in which to claim a CUE was made.

38 U.S.C.A. § 5109A (West 2014); 38 U.S.C.A. § 7111 (West 2014); 38 C.F.R. § 3.105(a) (2007-); *see Lang*, 971 F.3d at 1352. Neither the RO nor the Board has issued a final decision which states that there are no pending claims. *See* 38 C.F.R. § 19.29 (2007-).

Moreover, even if there was such a decision, moving to revise a decision on the basis that the adjudicator erred in determining there were no pending claims is not raising an error that is "outcome determinative." *Bustos v. West*, 179 F.3d 1378, 1381 (Fed. Cir. 1999). That is, Mr. Bean cannot argue that "*absent the alleged clear and unmistakable error*, the benefit sought [— service connection for generalized anxiety and major depressive disorder —] would have been granted at the outset." *King*, 26 Vet.App. at 441 (emphasis added). Thus, in this situation, under well-settled law, a CUE does not exist and it is improper for the Government to assert that this is the avenue Mr. Bean should have followed. *Id.*

This court should therefore not be persuaded by the Government's arguments regarding how Mr. Bean should have proceeded, but instead should reverse the Veterans Court's decision and remand for Mr. Bean to be awarded service connection for generalized anxiety and major depressive disorder. *See* 38 U.S.C.A. § 7292(e)(1).

## IV. THE COURT SHOULD FIND THAT THE GOVERNMENT HAS CONCEDED THAT THE BOARD AND VETERANS COURT HAD JURISDICTION TO HEAR HIS APPEAL.

In response to Mr. Bean's arguments about the trove of case law that establishes not only that the Veterans Court had jurisdiction to hear Mr. Bean's issue, but that it should have found in Mr. Bean's favor, the Government argues that the cases can be distinguished on the sole basis that none of them address CUE. Gov't Br. at 30. Mr. Bean agrees, none of the cases cited are within the context of a motion for revision based on CUE. However, as addressed above, neither is Mr. Bean's.

Therefore, as the Government concedes that the cases cited in Appellant's Brief "provide that the Veterans Court has jurisdiction to consider an issue not addressed by the Board as long as it was properly before the board and court," Gov't Br. at 31, and offers no explanation for how a single-judge decision could deviate from the panel decision in *Cogburn v. Shinseki*, 24 Vet.App. 205 (2010), this court should reverse the Veterans Court's decision and remand with instructions to award service connection. *See Bonte,* 624 F.3d at 466; *Clifton Power Corp.*, 88 F.3d at 1267; *MacWhorter*, 2 Vet.App. at 135

## V. THE SECRETARY'S ASSERTION THAT THE VETERANS COURT DOES NOT HAVE THE AUTHORITY TO HEAR CONSTITUTIONAL CLAIMS IS IRRELEVANT.

The Secretary asserts that the Veterans Court did not have jurisdiction to hear Mr. Bean's constitutional claim, as the "board decision that Mr. Bean appealed did not in any way relate to allegedly pending unadjudicated claims." Gov't Br. at 29. The notion that the Veterans Court did not have jurisdiction over a constitutional question is a bit absurd, *see In re Bailey*, 182 F.3d 860, 867 (Fed. Cir. 1999); *Cushman v. Shinseki*, 576 F.3d 1290, 1296 (Fed. Cir. 2009); *see also Geib v. Shinseki*, 733 F.3d 1350, 1355 (Fed. Cir. 2013); but, more importantly, regardless of whether the Veterans Court had jurisdiction to address Mr. Bean's constitutional claim, *this court* has independent authority to review a "free-standing" constitutional issue. *In re Bailey*, 182 F.3d at 865-70; *Johnson v. Robison*, 415 U.S. 361, 363-74 (1974) (holding, prior to judicial review of Board decisions, federal courts had jurisdiction to consider constitutional questions related to veterans' benefits). Therefore, this court should disregard the Secretary's arguments.

## VI. THE COURT SHOULD DISREGARD THE GOVERNMENT'S ATTEMPT TO CIRCUMVENT THE CONSTITUTIONAL ISSUES RAISED HERE.

In response to Mr. Bean's Fifth Amendment Due Process argument, the Government argues that "Mr. Bean ignores the fact that VA has on numerous

occasions determined that there were no pending unadjudicated claims from 1997" and then cites to information contained within the June 2008 Statement of the Case (SOC), the May 2010 Supplemental SOC (SSOC), a September 2015 SOC, and the April 2020 rating decision to establish that the VA has already determined that Mr. Bean did not have a pending claim. Gov't Br. at 34. However, both legally and practically, none of these documents constitute notice of a VA decision on Mr. Bean's claims for service connection for generalized anxiety and major depressive disorder. 38 C.F.R. §§ 3.103(a), 3.104; *see Ingram v. Nicholson*, 21 Vet.App. 232, 243 (2007). Further, in making this argument, the Government ignores that *Ingram* applies.

### A. <u>The Government Fails to Establish that Mr. Bean's Claims for Service Connection for Generalized Anxiety and Major Depressive Disorder Are Not Still Pending</u>.

The Government argues that two SOCs and an SSOC, provided Mr. Bean with notification that he did not have pending claims, and therefore that his claims for service connection for generalized anxiety and depression are no longer pending. Gov't Br. at 34. None of these documents, however, constitute "*a recognition of the* ***substance*** *of the claim in an RO decision from which a claimant could deduce that the claim was adjudicated or an explicit adjudication of a subsequent 'claim' for the same disability*," such that Mr. Bean would have been

made aware that his claims were adjudicated. *Ingram*, 21 Vet.App. at 243 (emphasis added).

First and foremost, as noted above, an SOC is not an "RO decision." 38 U.S.C.A. § 5104 (West 2014); 38 C.F.R. § 19.29. And while an SSOC can be a "readjudication," *see Mayfield v. Nicholson*, 499 F.3d 1317, 1324 (Fed. Cir. 2007), that situation is not presented here. And, even if these documents could be considered an "RO decision," none of them recognize the *substance* of the claims: service connection for generalized anxiety and service connection for major depressive disorder. *See Ingram*, 21 Vet.App. at 243; *see also* Appx0669. In other words, no reasonable veteran receiving these documents would think that their claims, supported by service medical records and a VA diagnosis, had been decided. *See id.*; *see also* Appx0669.

Therefore, as Mr. Bean has not received a substantive decision on the claims for service connection for generalized anxiety and major depressive disorder in twenty-five years, this court should find that the Secretary has violated Mr. Bean's Fifth Amendment Due Process rights, and order that he be awarded service connection. *Davis v. Passman*, 442 U.S. 228, 241-5, 248-9 (1979) (finding that relief in damages may be an appropriate remedy when there is a "cause of action" under the Fifth Amendment); *White v. Mathews*, 559 F.2d 852, 860-61 (2d Cir. 1977).

### B. <u>The Government's Insistence that the April 2020 Rating Decision Addresses Mr. Bean's Claims and Therefore There Are No Longer Unadjudicated, Pending Claims Is a Red Herring</u>.

The Government also urges this court to find that Mr. Bean does not have pending, unadjudicated claims, as the April 2020 rating decision found Mr. Bean did not raise the issue of service connection for depression and anxiety in his original claim.[4] Gov't Br. at 34-35. The Government is again incorrect.

As noted above, the true question for whether an issue has been addressed and denied — either explicitly or implicitly — is what would a "reasonable veteran" understand from the rating decision? *See Ingram*, 21 Vet.App. at 256. To reach that conclusion here, the April 2020 rating decision must be read within the proper context of what it was addressing: that it was a "special review of [Mr. Bean's] file," "mandated *on May 10, 2019*," and that the question before it was "whether rating decision approved July 11, 1997 contained a clear and unmistakable error by not applying 38 C.F.R. [3.160(c)],"[5] Appx1041. Thus, the

[4] The Government asserts that Mr. Bean was represented by counsel when the April 2020 rating decision was issued. Gov't Br. at 18. This is inaccurate. At the time, Ms. Zajac's representation of Mr. Bean was limited to his appeal at the Veterans Court and the petition at the Veterans Court. No attorney represented Mr. Bean before the VA.

[5] Counsel has corrected this to reflect the correct regulatory provision, which defines a pending claim as unadjudicated; however, it is unclear where the adjudicator came up with this language. *See* Appx0310. When Mr. Bean raised the issue of a CUE, it was with regard to "the effective date assigned for [his] service connected [PTSD]." *Id.* Mr. Bean did not state that July 1997 decision

entire analysis that the RO undertook for his "special review" was within the context of a motion for revision based on CUE, *not* a direct claim, and no reasonable veteran would believe that his original claim for service connection was being adjudicated. *Ingram*, 21 Vet.App. at 256; *see King*, 26 Vet.App. at 442 (reiterating that the standards for a motion to revise based on CUE are different than the standards on direct appeal); *see also Simon v. Wilkie*, 30 Vet.App. 403, 407 (2018).

Therefore, as none of the documents cited by the Government would have notified Mr. Bean that his claim for service connection was denied, this court should find that Mr. Bean's claims for service connection for generalized anxiety and major depressive disorder have remained pending, despite Mr. Bean's continual push of the issue, that Mr. Bean's Fifth Amendment Due Process rights have been violated by the VA's failure to issue a decision in 25 years, and award Mr. Bean service connection. *See Davis*, 442 U.S. at 241-5, 248-9.

## CONCLUSION AND RELIEF SOUGHT

As Mr. Bean has argued repeatedly, the record is clear that he was diagnosed with anxiety in service. The record is also clear that he has a current diagnosis of

---

contained a CUE by not applying 38 C.F.R. § 3.160(c). *Id.* Rather, he stated over and over again that he had pending, unadjudicated claims in accordance with 38 C.F.R. § 3.160(c). Appx0310, Appx0455-Appx0457, Appx0487-Appx0488. These were two separate arguments, related to two separate issues.

anxiety and major depressive disorder, just as he did in 1997. Finally, the VA's own examiners have already linked Mr. Bean's anxiety *and* depression to his time in service and the VA has already found that these examination reports were adequate for rating purposes.

The VA has had 25 years to adjudicate these claims, but the agency continues to evade its obligations. None of the arguments presented by the Government should persuade the court otherwise, as they misinterpret the arguments presented and the actual issue before the court.

Based on the arguments presented in Appellant's Brief and those presented here, this court should reverse the Veteran Court's decision and remand with orders for VA to grant Mr. Bean his service-connected benefits.

Respectfully submitted,

Linda E. Blauhut
Deputy General Counsel

/s/ Jennifer A. Zajac
Jennifer A. Zajac
Associate General Counsel
Counsel for the Appellant
Paralyzed Veterans of America
801 18th Street NW
Washington, DC 20006
760-639-0765
jenniferz@pva.org

## CERTIFICATE OF SERVICE

I certify that on August 8, 2022, I electronically filed the foregoing Appellant's Reply Brief with the U.S. Court of Appeals for the Federal Circuit by using this court's CM/ECF system, which sends notice of the filing to all registered CM/ECF users.

/s/ Jennifer A. Zajac
**JENNIFER A. ZAJAC**
Associate General Counsel
Paralyzed Veterans of America
801 18th Street NW
Washington, DC 20006
jenniferz@pva.org
760-639-0765

## CERTIFICATE OF COMPLIANCE

Counsel for Appellant hereby certifies that:

1. The brief complies with the type-volume limitation of U.S. FED. R. APP. PRO. 32(a)(7)(B)(i), (ii) and FED. CIR. R. 32(b)(1) because, exclusive of the exempted portion, it contains 3,722 words as counted by the word processing system used to prepare the brief; and
2. The brief complies with the typeface requirements of U.S. FED. R. APP. PRO. 32(A)(6) because it has been prepared using Microsoft Office Professional Plus 2019 in proportionally spaced typeface, Times New Roman, 14 point font.

/s/ Jennifer A. Zajac
**JENNIFER A. ZAJAC**
Associate General Counsel
Paralyzed Veterans of America
801 18th Street NW
Washington, DC 20006
jenniferz@pva.org
760-639-0765