# United States Court of Appeals for the Federal Circuit

---

**WILFRED D. BEAN,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1447

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-4116, Judge Coral Wong Pietsch.

---

Decided: April 26, 2023

---

JENNIFER ANN ZAJAC, Paralyzed Veterans of America, Washington, DC, argued for claimant-appellant. Also represented by LINDA E. BLAUHUT.

ERIC JOHN SINGLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY; Y. KEN LEE, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before NEWMAN, SCHALL, and TARANTO, *Circuit Judges*.

SCHALL, *Circuit Judge*.

Wilfred D. Bean appeals the December 30, 2021 decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") in *Bean v. McDonough*, No. 19-4116, 2021 WL 6143707 (Vet. App. Dec. 30, 2021). In that single-judge memorandum decision, the Veterans Court dismissed Mr. Bean's appeal of the May 10, 2019 decision of the Board of Veterans' Appeals ("Board") for lack of jurisdiction. In its May 2019 decision, the Board dismissed Mr. Bean's appeal of two rulings of the Oakland, California Regional Office ("RO") of the Department of Veterans Affairs ("VA"). J.A. 19–23. In the first ruling, in a decision dated September 10, 2013, the RO denied Mr. Bean's claim for an effective date earlier than August 14, 2006, for the award of disability benefits for service-connected post-traumatic stress disorder ("PTSD"). J.A. 245–50. In the second ruling, in a Statement of the Case ("SOC") dated September 21, 2015, the RO rejected Mr. Bean's contention that he had pending before the VA an unadjudicated claim for benefits based upon service-connected generalized anxiety disorder or major depressive disorder. J.A. 51–73. For the reasons set forth below, we hold that the Veterans Court erred in ruling that it lacked jurisdiction. We therefore reverse the court's decision and remand the case to the court for further proceedings.

## BACKGROUND

### I

Mr. Bean served on active duty in the U.S. Army from November 1966 to November 1969. *Bean*, 2021 WL 6143707, at *1. Following his release from service, on February 24, 1997, he presented to the RO a claim for disability compensation based upon PTSD, chloracne, and soft

tissue sarcoma. *Id.*[1] On the basis of a June 26, 1997 VA examination, Mr. Bean was diagnosed with major depression and generalized anxiety disorder, but not PTSD. *Id.*; J.A. 748. In a rating decision dated July 11, 1997, the RO denied entitlement to service connection for PTSD. *Bean*, 2021 WL 6143707, at *1, *3. The rating decision noted that Mr. Bean had been diagnosed with major depression and generalized anxiety disorder. However, it did not otherwise address those conditions. *Id.* at *1–2; J.A. 741. Mr. Bean did not appeal the July 1997 rating decision. *Bean*, 2021 WL 6143707, at *1.

On August 14, 2006, the RO received an informal claim from Mr. Bean. The claim sought service connection for major depression, generalized anxiety disorder, and PTSD. *Id.* at *2. In response to Mr. Bean's informal claim, on June 12, 2007, the RO notified Mr. Bean that it was "working on [his] application for *service-connected compensation*" for major depression and generalized anxiety disorder as well as his "*claim to reopen for*" his PTSD-related claim. J.A. 626. Subsequently, Mr. Bean underwent another VA examination on July 11, 2007, as a result of which he was diagnosed with PTSD and major depressive disorder. *Bean*, 2021 WL 6143707, at *2; J.A. 563. In an October 4, 2007 rating decision, the RO found service connection for PTSD, deemed the PTSD 30% disabling, and assigned the rating an effective date of August 14, 2006. *Bean*, 2021 WL 6143707, at *2; J.A. 512–15.

On November 29, 2007, Mr. Bean filed a Notice of Disagreement ("NOD"), disagreeing with the disability rating and effective date assignment and noting his intention to submit a supplemental letter further explaining his disagreement with the decision. J.A. 502. In the promised

---

[1] Until his appeal to the Veterans Court that resulted in the court's decision that is now before us Mr. Bean at all times acted pro se.

supplemental statement, dated December 8, 2007, Mr. Bean informed the RO that he disagreed with both the rating of 30% for PTSD and the August 14, 2006 effective date assigned for the rating. He also stated: "It is my contention that my claim for service connection for [PTSD] constituted a claim for an acquired psychiatric disorder to include major depression and generalized anxiety disorder as documented in the evidentiary records to include . . . the VA examination of June 26, 1997." JA. 487–88. Mr. Bean concluded that the VA's failure to consider service connection for these conditions meant that he had an "unadjudicated (pending) claim in accordance with 38 CFR 3.160(c)." J.A. 488.[2]

In an SOC dated June 11, 2008, the RO confirmed the 30% rating for PTSD and denied an effective date earlier than August 14, 2006, for PTSD. *Bean*, 2021 WL 6143707, at *2; J.A. 480. Addressing Mr. Bean's assertion of unadjudicated pending claims, the RO stated:

> You contend that your claim for service connection for [PTSD] constituted a claim for an acquired psychiatric disorder to include major depressive disorder and generalized anxiety disorder. A review of your claims folder indicates you specifically claimed service connection for [PTSD]. There was no indication that you were claiming service connection for any other disability. In addition, you[r] examination report did not relate your major depressive disorder or generalized anxiety disorder to any psychiatric disorder in service. . . . There is no evidence of a claim for a psychiatric disorder which was not adjudicated.

---

[2] At the time, § 3.160(c) defined a "pending claim" as "[a]n application, formal or informal, which has not been finally adjudicated." 38 C.F.R. § 3.160(c) (2006).

J.A. 482.

In a VA Form 9, dated August 6, 2008, Mr. Bean continued to assert to the RO that he was entitled to a rating greater than 30% for his PTSD and that his 1997 PTSD claim constituted a claim for additional psychiatric conditions. *Bean*, 2021 WL 6143707, at *2; J.A. 455–57. In that regard, Mr. Bean added that there remained pending "an unadjudicated claim in accordance with 38 CFR 3.160(c)." J.A. 457.

In a Supplemental Statement of the Case ("SSOC") dated May 20, 2010, the RO increased Mr. Bean's rating for PTSD to 70%, effective April 30, 2010, based upon a VA examination on that date. *Bean*, 2021 WL 6143707, at *2. In the SSOC, the RO continued the denial of an effective date earlier than August 14, 2006, for the award of service connection for PTSD. *Id.* In addition, the RO rejected again Mr. Bean's contention that there was an unadjudicated pending claim for an acquired psychiatric disorder. J.A. 416 ("As noted in our [SOC] dated [June] 11, 2008, there is no evidence of a claim for a psychiatric disorder which was not adjudicated."). Dissatisfied with this decision, Mr. Bean appealed to the Board. J.A. 390–91.

On May 31, 2012, the Board issued its decision in response to Mr. Bean's appeal. The Board determined that Mr. Bean was entitled to a 70% rating for service-connected PTSD, with an effective date of August 14, 2006, but not earlier. *Bean*, 2021 WL 6143707, at *2; J.A. 338–39. The Board acknowledged Mr. Bean's assertion that, because he was diagnosed with major depression and generalized anxiety disorder by the VA in June 1997, the RO, in July 1997, should have considered his claim for PTSD as a claim for an acquired psychiatric disability. In that regard, the Board stated:

> If the veteran believes that the RO made a mistake in its decision, he can file a claim alleging clear and unmistakable error (CUE) in the July 1997 RO

> decision (the standard is very high). However, that issue has not been properly developed and is not before the Board at this time.

J.A. 335. The Board thus did not rule on whether the RO had before it in 1997, but failed to adjudicate, claims for benefits based on major depression or generalized anxiety disorder; the Board said only that the question was not at that time before it and should be presented to the RO.

Mr. Bean did not appeal to the Veterans Court. Instead, he followed the Board's suggestion. Thus, in a VA Form 21-4138 dated July 26, 2012, that he submitted to the RO, he asked, in accordance with the Board's May 2012 decision, that "the VA reconsider the issue of the effective date" for his service-connected PTSD. J.A. 310. In addition, he repeated his contention that there was pending an unadjudicated claim in accordance with 38 C.F.R. § 3.160(c), while also citing 38 C.F.R. § 3.105(a), the VA regulation that governs CUE claims. *Id.*

Subsequently, after the RO denied an earlier effective date for service connection for PTSD on September 10, 2013, J.A. 251, and Mr. Bean submitted an NOD on September 30, 2013, J.A. 237–38, the RO issued an SOC on September 21, 2015. J.A. 53. In relevant part, the SOC stated:

> Your prior claims for service connection for acquired psychiatric disorder to include generalized anxiety disorder, major depression and/or [PTSD] became final on July 18, 1998 and October 7, 1999. There is no evidence of a clear and unmistakable error (38 CFR 3.105(a)) and no evidence that a formal or informal claim was pending which has not been finally adjudicated (38 CFR 3.160(c)). Prior decisions were found to be correct and finally adjudicated at the time you re-opened your claim on August 14, 2006.

J.A. 73. Mr. Bean then appealed to the Board both the issue of an earlier effective date for his PTSD and the issue of alleged unadjudicated claims. J.A. 49.

II

On May 10, 2019, the Board issued its decision dismissing Mr. Bean's appeal. J.A. 19. In its decision, the Board stated that, when Mr. Bean applied to the RO in July of 2012, he asked that the RO reconsider the issue of an effective date assigned for the award of service connection for PTSD. J.A. 20. The Board also stated that Mr. Bean argued before the RO that, in its May 2012 decision, "the Board should have considered whether he should have been service-connected for depression and anxiety from 1997 since his original claim had been for an 'acquired psychiatric disorder' and not just PTSD therefore it remained an unadjudicated claim." J.A. 20–21; *see* J.A. 310. The Board then noted that Mr. Bean had not appealed its May 2012 decision to the Veterans Court. J.A. 21. The Board also noted that, when the Board issued that decision, Mr. Bean was informed that, any time after issuance of the decision, he could file with the Board a motion for reconsideration, a motion to vacate, or a motion for revision based on CUE. *Id.* The Board stated:

> [T]he issue on appeal has already been addressed by the Board in a final, unappealed decision, and cannot be revisited in the absence of a motion for reconsideration or a motion of CUE in the May 2012 Board decision. The Veteran in this case has not, at any point, argued that his request for an earlier effective date should be construed as a motion to revise the May 2012 Board decision based on clear and unmistakable error, nor has the

> Veteran filed the necessary motion to have that prior decision revised or reconsidered.[3]

J.A. 21–22. On this basis, the Board dismissed Mr. Bean's appeal, stating: "[T]he May 2012 Board decision is final; the appeal for an earlier effective date for service connection for PTSD is dismissed." J.A. 23. Mr. Bean timely appealed to the Veterans Court, and at that point he obtained counsel.

III

On March 2, 2020, after his appeal had been filed, Mr. Bean sought from the Veterans Court extraordinary relief in the form of a writ of mandamus. Mr. Bean asked the court to order the VA to issue a decision on what he contended were his unadjudicated claims for service connection for anxiety and depression that had been pending since 1997. *Bean*, 2021 WL 6143707, at *3; J.A. 1025, 1033.

Responding to Mr. Bean's petition on April 9, 2020, the VA informed the Veterans Court that, on April 4, 2020, the RO had issued a decision determining that the rating decision dated July 11, 1997, did not contain CUE and that the decision did not leave unadjudicated any claims of service connection for generalized anxiety disorder and major depression because neither of those conditions were ever claimed. *Bean*, 2021 WL 6143707, at *3; J.A. 1036, 1041.

In a single-judge memorandum decision issued on April 27, 2020, the Veterans Court denied Mr. Bean's petition. J.A. 1078. The court stated that Mr. Bean had failed to carry his burden of demonstrating that he lacked alternative means of relief. Specifically, the court said that Mr.

---

[3] Thus, the Board read Mr. Bean's July 2012 application to the RO as a request for reconsideration of the *Board's* May 2012 decision, rather than a request for the RO to correct its own earlier error.

Bean had failed to explain why his appeal of the May 2019 Board decision or initiating review of the April 2020 rating decision were not adequate remedies. J.A. 1077.

Rather than appealing the April 2020 RO decision, Mr. Bean continued with the prosecution of his pending appeal in the Veterans Court. In his appeal, Mr. Bean did not challenge the Board's May 10, 2019 decision insofar as it dismissed his appeal to the extent it sought an earlier effective date for the award of service connection for PTSD. J.A. 909–10. What Mr. Bean did challenge was the Board's failure to address his contention that he had unadjudicated pending claims for service-connected generalized anxiety disorder and major depressive disorder. J.A. 912–17.

In a single-judge memorandum decision issued on April 28, 2021, the Veterans Court considered Mr. Bean's argument that he had presented to the Board the contention that he had unadjudicated pending claims for service connection for generalized anxiety disorder and major depressive disorder. After doing so, the court concluded:

> [A]ppellant . . . has continually asked VA to determine whether he has an outstanding claim for generalized anxiety disorder and major depression, and VA has done little to address that argument. Thus, the Court finds that the Board erred when it failed to address his contention that he has unadjudicated pending claims for service connection for generalized anxiety and major depressive disorder dating back to 1997. These issues were raised by the record and should have been addressed by the Board.

*Bean v. McDonough*, No. 19-4116, 2021 WL 1647629, at *6 (Vet. App. Apr. 28, 2021). The Veterans Court concluded its decision by dismissing what it described as "the appeal for an effective date earlier than August 14, 2006, for the

grant of service connection for PTSD." *Id.* at *7.[4] At the same time, however, the court remanded to the Board "for further proceedings consistent with this decision" the issue of whether Mr. Bean had unadjudicated pending claims. *Id.*

The court's statement just quoted above, as well as its remand to the Board, reflect the court's finding that, when Mr. Bean submitted his Form 21-1438 to the RO in July of 2012, he was not seeking reconsideration of the May 2012 Board decision. Rather, he was presenting to the RO his contention that there were unadjudicated claims for generalized anxiety disorder and major depressive disorder, allegedly pending since 1997. The statement and remand also reflect the court's finding that those claims were before the Board in 2019 and that the Board erred in failing to consider them.

On May 13, 2021, the VA Secretary moved for reconsideration of the Veterans Court's April 2021 decision. On December 30, 2021, the court withdrew its April 2021 decision and issued the single-judge memorandum decision now on appeal.

In its December 30, 2021 decision, the Veterans Court concluded that it lacked jurisdiction over Mr. Bean's appeal. *Bean*, 2021 WL 6143707, at *4. The court reached that conclusion even though Mr. Bean contended before the Board that he had unadjudicated pending claims for service-connected generalized anxiety and major depressive disorder and that the Board erred when it failed to address those claims. The Veterans Court reasoned, simply, that the Board did not actually decide that issue in the decision on appeal, but decided only the issue of whether Mr. Bean

---

[4] As noted above, Mr. Bean did not raise the issue of an earlier effective date for service connection for PTSD in his appeal to the Veterans Court.

was entitled to an effective date earlier than August 14, 2006, for the grant of service connection for his PTSD and that, for that reason, the court lacked jurisdiction over the issue raised by Mr. Bean on appeal—"whether the Board erred in failing to address whether he had unadjudicated, pending claims for generalized anxiety and major depressive disorder dating back to 1997." *Id.*; *see also id.* ("[T]he only issue addressed in the May 2019 decision is whether [Mr. Bean] was entitled to an effective date earlier than August 14, 2006, for the grant of service connection for his PTSD. Thus, the Court does not possess jurisdiction over the issue raised by the appellant in his brief—specifically whether the Board erred in failing to address whether the appellant had unadjudicated, pending claims for service connection for generalized anxiety and major depressive disorder dating back to 1997."). It therefore dismissed the appeal. *Id.* at *5. This appeal followed.

## DISCUSSION

### I

On appeal, Mr. Bean argues that the Veterans Court erred in holding that it lacked jurisdiction to consider the issue that he raised on appeal, that issue being whether the Board erred in failing to address whether he had unadjudicated pending claims for generalized anxiety disorder and major depressive disorder dating back to 1997. Mr. Bean contends that this issue was before the Board and that the Board thus should have addressed it. Appellant's Br. 20. In making this argument, he contends that the decision of the Veterans Court is inconsistent with 38 U.S.C. § 7104(a) (1994) (formerly 38 U.S.C. § 4004(a)), the statute governing Board jurisdiction; and 38 U.S.C. § 7252 (1994) (formerly 38 U.S.C. § 4052), the statute governing the jurisdiction of the Veterans Court. Mr. Bean also contends that the decision of the Veterans Court is inconsistent with prior decisions of that court in, e.g., *Travelstead v. Derwinski*, 1 Vet. App. 344, 346 (1991), *Owens v. Brown*, 7 Vet.

App. 429, 433–44 (1995), and *In re Smith*, 10 Vet. App. 311, 314 (1997), as well as the decision of this court in *Maggitt v. West*, 202 F.3d 1370, 1376 (Fed. Cir. 2000). Mr. Bean argues that these decisions stand for the proposition, applicable in this case, that the jurisdiction of the Veterans Court extends to matters properly raised before, but not decided by, the Board. According to Mr. Bean, this was the case with respect to his assertion of unadjudicated pending claims. He presented the assertion to the Board, he says, but the Board failed to address it. Mr. Bean also argues that what he refers to as the "Secretary's failure to adjudicate [his] claims for almost 25 years" violates his Fifth Amendment constitutional due process rights. Appellant's Br. 38–43. Mr. Bean asks us to reverse the decision of the Veterans Court and order the court to direct the VA to grant him benefits for service-connected generalized anxiety disorder and major depressive disorder. Appellant's Br. 43; Appellant's Reply Br. 14–15.

The government responds by addressing first the matter of our jurisdiction. Citing *Ledford v. West*, 136 F.3d 776, 778 (Fed. Cir. 1998), the government acknowledges that generally the question of whether the Veterans Court has jurisdiction over an issue is a matter of statutory interpretation and thus within the scope of our jurisdiction under 38 U.S.C. § 7292. Appellee's Br. 17. It continues, however, that we lack jurisdiction to review factual findings of the Veterans Court relating to jurisdictional issues, or to review the Veterans Court's application of its jurisdictional statute to the facts of a particular case, citing *Albun v. Brown*, 9 F.3d 1528, 1530 (Fed. Cir. 1993). This rule applies here, the government argues. That is because, in this case, the Veterans Court's decision did not involve the interpretation of any statute or regulation. Rather, in this case, the Veterans Court simply made (i) the determination that the only issue before the Board and addressed by the Board was whether Mr. Bean was entitled to an earlier effective date for his PTSD and (ii) the determination that

Mr. Bean's arguments regarding allegedly unadjudicated pending claims were not pertinent or related to that issue. These determinations, speaking to the scope of Mr. Bean's claim and appeal, the government says, are factual determinations. Appellee's Br. 17–18 (citing *Comer v. Peake*, 552 F.3d 1362, 1372 (Fed. Cir. 2009) and *Bonner v. Nicholson*, 497 F.3d 1323, 1328 (Fed. Cir. 2007)).

Turning to the merits, the government argues that the Veterans Court correctly determined that it lacked jurisdiction to consider Mr. Bean's assertions regarding allegedly unadjudicated pending claims. Appellee's Br. 25. The government states that, in July 2012, Mr. Bean submitted to the RO a statement in support of a claim seeking reconsideration of the May 2012 Board decision. The government then states that, in its May 2019 decision, the Board found that the filing could not be a "motion for reconsideration, revision, or vacatur" of the Board's May 2012 decision because it did not meet the requirements for such a motion. Appellee's Br. 26. Because Mr. Bean made his submission to the RO and not the Board, the government states, the Board correctly determined that the filing could not constitute a motion for reconsideration or of CUE in the May 2012 Board decision. *Id.* The government also asserts that the Board correctly determined that Mr. Bean's July 2012 filing did not constitute a CUE claim in regard to the 1997 RO decision. *Id.* at 26–28.

The government further states that, in his appeal to the Veterans Court, Mr. Bean did not raise any arguments with respect to the issue that the Board did decide, entitlement to an earlier effective date for his service-connected PTSD. Instead his arguments solely addressed the issue of whether he had unadjudicated pending claims, a matter the Board did not decide. Appellee's Br. 26–27. "Thus," the government asserts, "because the scope of the [B]oard's decision defines the jurisdiction of the Veterans Court, the only issue before the Veterans Court in this matter was Mr. Bean's entitlement to an earlier effective date for his

service-connected PTSD." Appellee's Br. 28. According to the government, since Mr. Bean did not contest that issue, the court properly dismissed his appeal. Appellee's Br. 28. The government urges us to reject Mr. Bean's argument, noted above, that he did present to the Board the issue of unadjudicated pending claims.

Finally, the government urges that Mr. Bean's Fifth Amendment due process rights have not been violated because he has no unadjudicated pending claims. Appellee's Br. 33–35.

The government concludes by asking us to dismiss Mr. Bean's appeal for lack of jurisdiction, or, in the alternative, to affirm the decision of the Veterans Court.

II

We address first the issue of our jurisdiction. We have jurisdiction to review decisions of the Veterans Court "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a). More specifically, we have jurisdiction "to determine whether the legal requirement of the statute or regulation has been correctly interpreted in a particular context where the relevant facts are not in dispute." *Szemraj v. Principi*, 357 F.3d 1370, 1375 (Fed. Cir. 2004). However, except with respect to constitutional issues, we do not have jurisdiction to "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d).

We have no difficulty concluding that we have jurisdiction in this case. That is so for two reasons. First, Mr. Bean's appeal requires us to determine whether, in its December 30, 2021 decision, the Veterans Court correctly interpreted the legal requirements of 38 U.S.C. § 7104, the

Board's jurisdictional statute, and 38 U.S.C. § 7252, its own jurisdictional statute.[5] *Szemraj*, 357 F.3d at 1375. And second, "the relevant facts are not in dispute" for purposes of our jurisdiction to address legal errors in the Veterans Court's decision or to reverse its holding that it lacked jurisdiction. *Id.*

The relevant facts are established by the unchallenged documentary record of (1) Mr. Bean's July 26, 2012 application to the RO, (2) the RO's denial of the application on September 10, 2013, (3) Mr. Bean's September 30, 2013 NOD, (4) the RO's SOC on September 21, 2015, and (5) Mr. Bean's subsequent appeal to the Board, all of which are recited above. The facts evident from those documents are reflected in the Veterans Court's April 28, 2021 remand decision, also recited above, where the court expressly found that the issues of Mr. Bean's claims of generalized anxiety disorder and major depressive disorder "were raised by the record and should have been addressed by the Board." *Bean*, 2021 WL 1647629, at *6. Although that decision was withdrawn, the VA, in its motion asking the Veterans Court to reconsider the April 2021 decision, did not challenge the court's recitation of facts in the decision. Secretary's Mot. For Recons., *Bean v. McDonough*, No. 19-4116 (May 13, 2021).

This case is thus different from *Albun*, *Comer*, and *Bonner*, the decisions upon which the government relies to argue that we lack jurisdiction. In *Albun*, we were called

---

[5] The Veterans Court did not identify these express statutory provisions in its December 30, 2021 decision. However, it is clear from the court's April 2021 decision and the Secretary's motion for reconsideration of that decision that it was those provisions on which the court based its subsequent dismissal for lack of jurisdiction. *See Bean*, 2021 WL 1647629, at *1; Secretary's Mot. for Recons., *Bean v. McDonough*, No. 19-4116 (May 13, 2021).

upon to rule on the Veterans Court's factual determinations and the court's application of its jurisdictional statute to those factual determinations. *See* 9 F.3d at 1530. In *Comer* and *Bonner*, we were called upon to rule on the factual inquiry into the scope of a veteran's claim. *See Comer*, 552 F.3d at 1372; *Bonner*, 497 F.3d at 1328. In contrast, the question of whether the Veterans Court has jurisdiction in this case boils down to a question of statutory interpretation, *Ledford*, 136 F.3d at 778, requiring no resolution of disputed factual issues.

III

We turn now to the merits of the Veterans Court's jurisdictional ruling. Two statutes are relevant to this appeal. As noted above, 38 U.S.C. § 7104 sets forth the jurisdiction of the Board. Subsection (a) of that statute provides that "[d]ecisions of the Board shall be based on the entire record in the proceedings and upon consideration of all evidence and material of record and applicable provisions of law and regulation." As also noted above, the jurisdiction of the Veterans Court is set forth at 38 U.S.C. § 7252. Subsection (a) of that statute provides that the Veterans Court has "exclusive jurisdiction to review decisions of the [Board]." Pursuant to subsection (b), review in the court is "on the record of proceedings before the Secretary and the Board."

A prerequisite to Veterans Court jurisdiction is a decision of the Board. *Andre v. Principi*, 301 F.3d 1354, 1360 (Fed. Cir. 2002); *Maggitt*, 202 F.3d at 1375; *Ledford*, 136 F.3d at 779; *see May v. McDonough*, 61 F.4th 963, 965 (Fed. Cir. 2023). Relevant to this case, in *Maggitt* we stated that "[a] 'decision' of the Board, for purposes of the Veterans Court's jurisdiction under section 7252, is the decision with respect to the benefit sought by the veteran." 202 F.3d at 1376. Denial of a claim, which includes the failure of the Board to consider a claim that was reasonably raised before it, constitutes a decision of the Board—reviewable by the

Veterans Court. *See id.*; *Travelstead*, 1 Vet. App. at 346 ("When the [Board] makes a decision (implicitly or explicitly) not to deal with an issue considered at the [RO] level, then that decision not to decide an issue is a decision by the [Board] which is properly before this Court."). In addition, the Veterans Court, upon exercising jurisdiction in such circumstances, has repeatedly held—as did the Veterans Court in its withdrawn April 2021 decision in the present case—that the Board commits error in not deciding such issues. *Smith*, 10 Vet. App. at 314 ("Where the [Board] fails to adjudicate a claim that was reasonably raised before it, the net outcome for the veteran amounts to a denial of the benefit sought. Accordingly, the Court holds as a matter of law that the Board's failure to adjudicate the TDIU claim that was properly before it constitutes a final adverse [Board] decision with respect to that claim."); *Owens*, 7 Vet. App. at 433 (remanding to the Board for consideration a claim not addressed by the Board and stating, "[w]hen the appellant reasonably raises a claim for a particular benefit, the Board is required to adjudicate the issue of the claimant's entitlement to such a benefit, or if appropriate, to remand the issue to the RO for development and adjudication of the issue"); *see also Robinson v. Peake*, 21 Vet. App. 545, 552 (2008), *aff'd sub nom. Robinson v. Shinseki*, 557 F.3d 1355 (Fed. Cir. 2009).

The Veterans Court's holding that it lacked jurisdiction is clearly contrary to the legal principle that when a claim is adequately presented to the Board but not addressed by the Board, the Board's disposition of the appeal constitutes a decision of the Board on that claim that may be appealed to the Veterans Court. The Veterans Court deemed its jurisdiction to be limited to the affirmative determinations made by the Board, and not to cover a Board disposition of an appeal that is challenged as improperly failing to address contentions clearly before the Board. *See supra* pp. 10–11. That is legally incorrect.

The legal error matters here. After receiving the Board's May 2012 decision, Mr. Bean followed the Board's suggestion and submitted to the RO a Statement in Support of Claim on Form 21-4138. In that form, he not only cited the CUE regulation, 38 C.F.R. § 3.105(a), but he also argued that, in accordance with 38 C.F.R. § 3.160(c), he had pending, unadjudicated claims from 1997 for disability from service-connected generalized anxiety disorder and major depressive disorder. Then, after the RO denied the claim, Mr. Bean appealed to the Board. In its May 2019 decision, however, the Board failed to address the claim on its merits, even though, in the words of its jurisdictional statute, 38 U.S.C. § 7104(a), it was part of "the entire record in the proceeding." *See Cogburn v. Shinseki*, 24 Vet. App. 205, 214–15 & n.5 (2010) (finding "it was error for the Board not to address Mr. Cogburn's disagreement with the [RO]'s refusal to adjudicate what Mr. Cogburn argued were pending claims"). Instead, the Board concluded that the only matter before it was an improper request for reconsideration of its May 2012 decision, which by its terms did not decide whether the RO had before it in 1997, and did not adjudicate, the claims based on anxiety and depression now at issue. As a result, the Board in May 2019 dismissed Mr. Bean's appeal.

When Mr. Bean appealed to the Veterans Court, the Veterans Court recognized in its April 2021 decision that Mr. Bean had clearly presented his claim to the Board and that the Board had erred by failing to consider it. Accordingly, it remanded the case to the Board for the Board to address the unadjudicated claims issue. Thus, in April of 2021, the court correctly exercised jurisdiction over a "decision[] of the Board." That decision arose from the Board's denial of Mr. Bean's claim by reason of the Board's failure to exercise jurisdiction under 38 U.S.C. § 7104(a) and to consider the claim.

Then, however, in response to the Secretary's motion for reconsideration, the court reversed itself, withdrew its

April 2021 decision and issued the December 30, 2021 decision that is now on appeal. That was error. In dismissing Mr. Bean's appeal, the Veterans Court misinterpreted the pertinent law of both this court and the Veterans Court regarding its jurisdiction under 38 U.S.C. § 7252. As seen, that law is that the Board's failure to decide a claim clearly presented to it constitutes a "decision" of the Board, which vests the Veterans Court with jurisdiction. In short, the court got the issue of its own jurisdiction right the first time.

Accordingly, the Veterans Court erred in holding that it lacked jurisdiction. Mr. Bean is entitled to have the December 30, 2021 decision of the Veterans Court reversed and his case remanded for the Veterans Court to decide an issue within its jurisdiction: whether, as the Veterans Court ruled in its withdrawn April 2021 decision, the Board erred in not addressing on the merits Mr. Bean's contention, plainly presented to the Board, that the RO had before it in 1997, and did not adjudicate, claims based on generalized anxiety disorder and major depressive disorder. Without expressing doubt about the correctness of the now-withdrawn April 2021 resolution of that issue, we do not decide it ourselves at this jurisdictional stage. Having noted above some precedent on the issue, we add that, to the extent relevant, the Veterans Court should also take account of our precedent establishing that, when the RO has not adjudicated claims before it, there is not a final decision on those claims and "a CUE analysis [with its demanding standards] is not required." *Lang v. Wilkie*, 971 F.3d 1348, 1355 (Fed. Cir. 2020); *id.* at 1352 (agreeing that "only final decisions are subject to CUE"); *see also Richardson v. Nicholson*, 20 Vet. App. 64, 72 (2006).[6]

---

[6] Since Mr. Bean's claim of unadjudicated pending claims was before the Board in 2019, his failure to appeal the April 2020 RO decision appears to be irrelevant under

## CONCLUSION

For the foregoing reasons, the decision of the Veterans Court is reversed. The case is remanded to the court for further proceedings consistent with this opinion.[7]

**REVERSED AND REMANDED**

## COSTS

Costs to Mr. Bean.

---

the principle, long recognized by the Veterans Court, that "where the claim was placed into appellate status by virtue of an NOD, subsequent RO decisions cannot resolve the pending claim." *Jones v. Shinseki*, 23 Vet. App. 122, 125 (2009), *aff'd on other grounds*, 619 F.3d 1368 (Fed. Cir. 2010); *see Grimes v. McDonough*, 34 Vet. App. 84, 92 (2021).

[7] Because Mr. Bean's claim will be remanded to the Board for further proceedings, his constitutional due process argument is moot at this time. *See Cushman v. Shinseki*, 576 F.3d 1290, 1298 (Fed. Cir. 2009). The need for a remand also suffices to answer Mr. Bean's request that we direct the VA to grant him benefits.